## NEW YORK COMMON PLEAS.

JACOB MERWIN and EDWARD P. BRAY agt. JOHN W. WEXEL, FRANK DE GRESS and FORBES POTTER.

*Removal of cause to United States district court denied.*

The removal of a cause to the United States district court is not authorized by the act of July 27, 1866, in an action for a joint indebtedness, where the application is not made by all the defendants to the record, nor by any one against whom a separate judgment can be rendered without the presence of the other defendants.

Nor can such removal be made under the amendment of March 2, 1867, on the ground of local influence, as such an application can only be made by all the joint defendants.

Where the plaintiff, at the commencement of the action, is a resident of another state with the defendant who makes application for the removal, this defeats the application under either statute.

*Special Term, February,* 1874.

APPLICATION for removal of cause to United States district court and for stay of proceedings.

ROBINSON, *J.* — The application is made alone by the defendant De Gress in an action commenced against the several defendants for goods sold them, as copartners, under the firm of Wexel, De Gress & Co. The defenses were, first, non-joinder of another person as codefendant, and second, payment. The issues have been tried and judgment given in favor of plaintiffs for upwards of $3,000. The judgment has been vacated and defendants let in to defend on giving security for any recovery that may be had against them. The application made under the act of congress of 1866, as amended in 1867, must be denied, for the following reasons:

1. The removal is not authorized by the act of July 27, 1866, sec. 1 (14 *U. S. Stat.*, 306), because not made by all the defendants to the record, nor by any one against whom a separate judgment can be rendered without the presence of the other defendants. It is an action upon a joint indebtedness, and although under our statutes (2 *R. S.*, 371, *sec.* 1) in such a proceeding, where process against all has been served upon either, the defendant so served is required to answer, and the judgment, if rendered in favor of the plaintiffs, is to be against all the defendants in the same manner as if all had been served, and (*sec.* 4) the execution thereon is enforced against the joint property of all. The present action for a debt due jointly by three is not one that is within the provision of the act of congress, one in which there can be a final determination of the controversy, so far as it concerns him, without the presence of the other defendants as parties in the cause. The controversy does not present even any alleged defense that would operate to the exoneration of the defendant individually without judicially establishing that of his codefendants.

2. Nor under the amendment of March 2, 1867 (14 *U. S. Stat.*, 558), on the ground of local influence, because such an application can only be made by all the defendants. There is no petition as required by these statutes, except that of the defendant De Gress (*Dart* agt. *Walker*, 4 *Daly*, 190; 43 *How.*, 29).

3. It further appears the plaintiff Bray was not at the commencement of the action and is not a resident of this state, but (in like condition with the defendant De Gress) of the state of New Jersey. This defeats the application under either statute. Without considering other objections these must prevail as answer to the application.

Application denied, with ten dollars costs.