| 60 | 423 |
| 104 | 57 |

JACKSON, JR., administrator, *vs.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

1. Under the act of congress of 2nd March, 1875, a corporation created by and located in New York, has the right to remove a case from the superior court of Richmond county, Georgia, to the circuit court of the United States, pending between it and a citizen of Georgia, though the petition allege that it is a corporation of the state of New York, resident therein and a citizen thereof, and that the other party is a citizen of Georgia at the time of the application for removal, without any distinct allegation that they or either of them were such citizens at the date of the commencement of the action in the state court.

2. The final judgment of the superior court on the question of removal is subject to review by this court; and whilst the better practice is for the superior court to render a judgment in distinct terms to remove the case or to decline to do so, yet the approval of the bond of the party seeking to remove the case, and the indorsement thereof with such approval, will be held a judgment to remove the case so pending between the parties, and be reviewed by this court as a final judgment removing the case pending between such parties.

United States Courts. Removal of causes. Practice in the Superior Court. Practice in the Supreme Court. Judgments. Before Judge GIBSON. Richmond Superior Court. October Term, 1877.

On May 11th, 1877, Jackson, jr., administrator, brought complaint against the Mutual Life Insurance Company. On

the second day of the succeeding October term of court defendant filed the following petition :

"The petition of the Mutual Life Insurance Company of New York, respectfully shows that there is now pending in this honorable court a suit of a civil nature at law, brought by William E. Jackson, jr., as administrator of Thomas M. Jackson, deceased, for the recovery from your petitioner of the principal sum of five thousand dollars, and that the said William E. Jackson, jr., administrator as aforesaid, is a citizen of the State of Georgia, and your petitioner is a corporation created by the laws of the state of New York, resident of said state of New York, and a citizen thereof.

"And your petitioner further shows that it has filed in this honorable court a bond, with good and sufficient security, for its entering in the fifth circuit court of the United States for the southern district of Georgia, on the first day of its next session, a copy of the record in said suit, and for paying all costs that may be awarded by the said circuit court, if said court shall hold that such suit was wrongfully or improperly removed thereto.

"Wherefore, your petitioner prays the removal of said suit to the fifth circuit court of the United States for the southern district of Georgia, as by act of congress in such case provided.

"BARNES & CUMMING,

"C. H. COHEN,

"Attorneys for the Mutual Life Insurance Company of New York."

On the day of the filing of the petition the attention of the court was called thereto, and asked to fix the amount of the bond, which the court did, for the sum of one hundred dollars, and the bond was thereupon executed.

The counsel for Wm. E. Jackson, jr., administrator, objected to any order being passed by the court allowing the petition, and asked for time to move to dismiss it.

The court announced verbally that he would allow the petition to be filed but would grant no order of removal.

Afterwards, on the 13th November, 1877, during the October term of court, when the motion docket was being called, the attention of the court was called by counsel of Jackson, administrator, to this petition for removal, when the counsel for the insurance company declined to ask for any order in the premises, but presented to, and obtained from, the judge his approval upon the bond, to which action of the court the counsel for Jackson, administrator, excepted.

FRANK H. MILLER, for plaintiff in error.

BARNES & CUMMING; C. H. COHEN, for defendant.

JACKSON, Judge.

But two questions for the adjudication of this court are made in this record.

1st. Under the act of 1875, passed by congress for the removal of cases from the state to the federal courts, is it necessary that the petition allege specifically that the parties were citizens of different states *at the commencement* of the suit, as was the case under the old act of 1789 ? It has been held in cases arising under that act, that the petition must show this fact distinctly on its face, and that it will not do merely to allege that the parties are citizens of different states, because those words, without more, would mean that that they were citizens at *date of the application,* and not necessarily at the time when the suit was commenced. The old act of 1789 is in these words : "if a suit be *commenced* in any state court . . by a citizen of the state in which the suit is brought against a citizen of another state . . . and the defendant shall, at the time of entering his appearance," etc., etc.; and in the case of the Phœnix Insurance Company *vs.* Pechner, the supreme court of the United States, draws a distinction between that act and the act of 1875. The court in that case says "clearly this (that is the language used in the act of 1789, above quoted,) has reference to the citizenship of the parties when the suit is begun,

for the language is, if a suit be *commenced* by a citizen of another state, the defendant may, *when he enters his appearance*, petition for removal. The phraseology employed in the acts of 1866 (14 Stat., 307), 1867 (Id., 558), and 1875, (18 Stat. 470), and in the Revised Statutes (§697) is somewhat different, and we are not now called upon to give a construction to the language there used. As to the act of 1789 we entertain no doubt."

It seems from this intimation, that the highest court in the country in the construction of the acts of congress, incline to hold that under the late acts of congress the allegation need not be set out in the petition that the parties were citizens of different states *when* the suit was begun.

We are dealing, in the case before us, only with the act of 1875.

That act is in these words in substance: "That any suit of a civil nature, at law or in equity, *now pending*, or hereafter brought in any state court, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars . . . in which there shall be a controversy between citizens of different states . . . either party may remove, etc., etc."

It will be seen at a glance that this act covered *pending cases*—cases already commenced when the act was passed— and in which there *shall be* a controversy between citizens of different states. It would seem, therefore, that the controversy might arise in a *pending case* and might arise between citizens *then* of different states—of different states when the application was made, and not alone when the suit was commenced. However this may be, it is clear that the act of 1789 in terms referred to *the commencement* of the suit and the *first appearance* of the party, whilst the act of 1875 contains no such language, nor intimation that the right had reference to the beginning of the suit and the *situs* of the parties and their citizenship then; on the contrary, the intimation, to say the least, is the other way, and such seems also to be the opinion intimated by

the supreme court of the United States; and while the words in the petition do not specifically allege the citizenship at the date the action was begun, yet the allegation that the corporation was made by New York showing that it had always lived there, and was always, in legal parlance, a citizen thereof, and the citizenship of Jackson in Georgia, at the beginning of the suit too, appearing perhaps on the face of the petition, though indistinctly, we shall rule that the petition is sufficiently clear and full to authorize removal.

2. The other question made arises upon a motion to dismiss the case here, upon the ground that there has been no final judgment in the court below.

The record discloses the fact that the judge approved the bond filed on the application to remove, and indorsed his approval thereon, but did nothing further, and made no order at all for removal. The act of congress of 1875 declares that, "whenever either party, or any one or more of the plaintiffs or defendants entitled to remove any suit mentioned in the next preceding section, shall desire to remove, etc., . . . he or they shall make and file a petition in such suit in such state court before or at the term at which said cause could be first tried, and before the trial thereof. for the removal of such suit into the circuit court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such circuit court, on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the said circuit court, if said court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit, if special bail was originally requisite therein, *it shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit.* . . ."

It appears from the words *italicised,* that all the act requires of the state court is to *accept* the petition and bond;

27

and in this case the court did that by entering its approval thereon.   This was equivalent to a judgment removing the case, and may be considered the final judgment of the superior court, and an appeal lies to this court from it, and the writ of error will not be dismissed.

The better practice would be to pass an order to remove the case, or to deny such an order, in explicit language ; but the act of congress does not require it, but provides that on the acceptance by the court of the petition and bond, the clerk shall transmit the papers to the federal court.

Some point in argument was made that the court below did not designate what was to be removed to the circuit court; but no action of his is before us on this point which we can get at to review ; and we presume that the United States court will see to it that the proper record reaches that court, and at the right time.

In the view we take of the case, we have no alternative under the act of congress, but to affirm the judgment of the court below, the record disclosing no error in any judgment that court made which we can review and correct, what was done according with the terms of the act of congress of 1875.

Judgment affirmed.