## WILL A. NYE, APPELLANT, *v.* THE NORTHERN CENTRAL RAILWAY COMPANY, RESPONDENT.

*Removal of action to United States court — U. S. Rev. Stat., § 639, sub. 3, is still in force — when an action may be removed under it — at what time the requisite citizenship must exist — the petitioner need not join in the bond.*

Subdivision 3 of section 639 of the Revised Statutes of the United States providing for the removal of actions into the United States courts, on account of prejudice or local influence, was not repealed by the act of March 3, 1875 (10 U. S. Stat., 470), and is still in force.

Under the said subdivision, the case may be removed at any time before the trial or final hearing, and the fact that it has been on the calendar for five or six circuits before the application is made is no ground for refusing it.

It is not necessary that the petition for removal in such case should show that the parties to the action were residents of different States at the time of its commencement; it is sufficient if it appears that the requisite citizenship exists at the time of the filing of the petition for the removal.

The petitioner need not join in the bond required to be given upon the granting of the application.

APPEAL from an order made at Special Term, removing this action into the Circuit Court of the United States for the Northern District of New York.

*H. Boardman Smith*, for the appellant.

*G. M. Diven*, for the respondent.

BOCKES, J.:

This is an appeal from an order of the Special Term, removing the action from this court into the United States Court for Northern District of New York.

The removal was allowed, on notice to the plaintiff's attorney, under the third subdivision of section 639 of the Revised Statutes of the United States, known as the "prejudice or local influence clause."

That the order is appealable to the General Term of this court is not controverted by the respondent's counsel. The case is undoubtedly properly before the court for review.

(1.) The provision for the removal of causes, contained in the third subdivision of section 639 of the United States Revised Statutes, under which the removal in this case was granted, is not repealed by the act of March 3, 1875. (18 U. S. Stat., chap. 137, p. 470, *et seq.*) That provision is still in force. (*Cook* v. *Ford*, 4 Am. Law Times [N. S.], 280 ; *N. J. Zinc Co.* v. *Totter*, 17 Am. Law Reg. [N. S.], 376 ; *Meyer* v. *Const. Co.*, 100 U. S. R. [10 Otto], 457, 463, 471 ; *Bible Soc.* v. *Grove*, 101 id. [11 Otto], 610.) The act of 1875 repeals or supercedes section 639 of the United States Revised Statutes only as to cases embraced in both acts. (See, also, *Wormser* v. *Dahlman*, 16 Blatch., 319.) The act of 1875 does not include cases of removal under the " prejudice or local influence clause" of section 639 of the Revised Statutes, hence it is not superseded or repealed.

(2.) It is stated in the affidavit read at Special Term in opposition to the motion, that the case had been on the calendar for five or six circuits, when it could have been tried. An objection based on this fact would have been fatal to the removal of the case had the application been made under the act of 1875. This has been decided in several cases. But the third clause of section 639 provides for a removal thereunder on filing the petition, " at any time before the trial or final hearing of the suit." Under this provision, therefore, the petition was presented and filed in due time. (Dillon on Rem. [3d ed.], § 59.)

(3.) It is objected that the petition for removal did not show that the parties to the action were residents of different States at the time of its commencement.

This objection would have been fatal to the application had it been based on the act of 1789. (*Holden* v. *Ins. Co.*, 46 N. Y., 1 ; *Pechner* v. *Ins. Co.*, 65 id., 195 ; *Same Case*, 95 U. S. R. [5 Otto], 183.) It was held, also, that the acts of 1866 (ch. 288) and 1867 (ch. 196) should be construed in harmony with the decisions under the act of 1789. (*Dart* v. *Walker*, 43 How., 29 ; *Tapley* v. *Martin*, 116 Mass., 275 ; *Ind. R. W. Co.* v. *Risley*, 50 Ind., 60–64.) It was also so held, under the act of 1875 (ch. 137), in *Rawle* v. *Phelps* (8 W. Dig., 551), and there are, perhaps, some other cases of substantially the same import. But the more recent decisions, giving construction to the act of 1875, and, by analogy, to the language employed in the

Revised Statutes, make a distinction between the act of 1789 and the subsequent provisions on the point of objection here urged. This subject was quite fully discussed in the very recent case of *Curtin* v. *Decker* (contained in volume 11 of " The Reporter," 290), where the decision in *Rawle* v. *Phelps* (*supra*) is held to be unsound. (See, also, cases cited in *Curtin* v. *Decker.*) In this case it was decided, as expressed by the learned judge, upon " the weight of authority," that the right of removal, under the act of 1875, was "not dependent upon citizenship when the suit was commenced in the State court, but that, if the required citizenship existed at the time the petition for removal was filed in the State court, that was sufficient." The language of subdivision 3 of the Revised Statutes, here under examination, is as follows, to wit: "When a *suit is* between a citizen of the State in which it is brought and a citizen of another State," it may be removed, etc., on stating, by affidavit accompanying the petition for removal, that the petitioner "has reason to believe, and does believe, that, from prejudice or local influence, he will not be able to obtain justice in such State court." This language is equivalent to saying, when a suit is pending, etc., so it would not limit the citizenship, as did the act of 1789, to the time of the commencement of the suit. The difference in language between the act of 1789 and the acts of 1866 and 1867, was noticed by the chief justice in *Pechner* v. *Ins. Co.* (95 U. S. R. [5 Otto], 185). A similar difference of phraseology exists between the act of 1789 and the Revised Statutes and the act of 1875. The latter point to cases of citizenship at the time of the presentation of the petition for removal. (See remarks of Mr. Justice MILLER in *Johnson* v. *Morrell*, 1 Woolw., 390, cited in 11 Reporter, 290, as to the act of 1867, referred to also in *Curtin* v. *Decker, supra.*) The question is also indirectly decided in favor of the respondent in the case of the *Bible Society* v. *Grove* (101 U. S. R. [11 Otto], 610), and in *Meyer* v. *Const. Co.* (100 id. [10 Otto], 457). Citizenship of defendant at time of filing of petition is sufficient. (Dillon on Rem. [3d ed.], §§ 63, 72; *McGinnity* v. *White*, 3 Dillon, 350; *contra*, *Dart* v. *Walker*, 4 Daly, 188; *Slough* v. *Hatch*, 20 Alb. L. J., 78; S. C., *sub. nom. Stough* v. *Hatch*, 16 Blatchford, 309; *Jackson* v. *Mut. Ins. Co.*, 3 Woods C. C., 413; S. C., 60 Ga., 423.) We are of the opinion that the petition was sufficient, inasmuch as it showed

that, at the time it was presented, the suit was between a citizen of the State in which it was brought (New York) and a citizen of another State.

(4.) An objection is urged to the bond filed on the part of the defendant, on the ground that it is not executed by the defendant company, and also because insufficient in amount. The bond was accepted and approved by the court at Special Term (see order, fol. 62), and was ordered to be filed. (Fol. 50.) It was executed and acknowledged by two persons, each of whom justified in due form. We cannot, on appeal, hold that the bond was insufficient in amount, and reverse the order for that reason. It was not insignificant in amount, in view of the terms of the condition.

On the point that it should have been executed by the company, we are furnished with the dissenting opinion in *Knapp* v. *N. W. Mut. Ins. Co.*, decided in the Court of Appeals (79 N. Y., 634.) But we are not advised of the ground of the decision in that case. The language of the statute is that the petitioner must offer in the State court "good and sufficient surety for his entering, etc." As an original question, we should hold that this language would not require the bond to be executed by the petitioner, but that it would be a compliance with the law if executed by "good and sufficient surety," without also a joint execution by the party petitioning.

In conclusion, we are of the opinion that the order appealed from must be affirmed, with ten dollars costs and expenses of printing.

LEARNED, P. J.:

The weight of authority seems to sustain the respondent's views, and I therefore concur.

BOARDMAN, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.