## HAMMOND *vs.* BUCHANAN.

1. Where an application to remove a case to the circuit court of the United States was made under the act of congress of March 2d, 1867, on the ground of local prejudice, it could be made at any time before the trial or final hearing in the state court.

(*a.*) The act of 1867 was not repealed by the act of 1875.

2. In order to be entitled to remove a case to the United States court on the ground of local prejudice, under the act of congress of 1867, it is not essential that the applicant should have been a non-resident of the state at the date of the commencement of the suit.

Laws. Removal of Causes. Before Judge HARRIS. Coweta Superior Court. September Term, 1881.

Reported in the decision.

D. F. HAMMOND, in *propria persona;* W. R. HAM-
MOND, for plaintiff in error.

HUGH BUCHANAN; BREWSTER & DAVIS, for defend-
ant.

JACKSON, Chief Justice.

This was an application to remove a case pending in
the superior court of Coweta county. On demurrer to
the application, it was dismissed, and that judgment is
assigned as error.

The application is made on the ground that the defend-
ant cannot obtain justice in the state court, and the pro-
per affidavit to that effect is made and appears of record
in the case.

The demurrer appears to be special, and rests on two
grounds: First, that the suit was brought in 1858, and the
first trial term thereof in the state court has long passed,
and therefore the application comes too late; and secondly,
that the application does not state that applicant was a
citizen of Florida at the time the suit was brought.

1. The application is brought by virtue of the act of
March 2d, 1867, which is embodied in the third subdivis-
ion of section 633 of the revised statutes of the United
States. Abbott's U. S. Prac., page 27. In that subdi-
vision it is enacted that the application may be "filed at
any time before the trial or final hearing of the cause."
Is this enactment repealed by the act of 1875? It is not
expressly repealed, nor, we think, by necessary implication.
Authorities differ on the subject. That it is not repealed
see 3 Woods, C. C. R., 683, and cases there cited. Until
adjudicated and decided by the supreme court of the Uni-
ted States, this court will adhere to its own ruling on the
point that the application in such a case may be made at
any time before trial. *Cox et al. vs. The East Tennessee,*

*Virginia and Georgia Railroad Company*, 62 *Ga.*, 163. That application was made after the act of 1875, and whilst I do not remember that this question of repeal was made and decided on argument, yet the effect of that decision is to hold this provision in the act of 1867 not to be affected by the act of March, 1875. The case and opinion are not fully reported in 62 *Ga.*, 163, but a mere syllabus is made of the the point decided. See also Stone *vs.* Sargeant, Sup. Ct., Mass., South. Law Rev., Vol. 7, No. 5, p. 761, Sept. 26, 1881 ; and Sup. Ct. of Ga., *Jones vs. Foreman*, 66 *Ga.*, 371, which fully covers this point.

2. Must the applicant have been a citizen of another state when the suit was brought, under the act of 1867 ? Clearly not, we think, in the case at bar. It was pending when that act was passed ; and the act itself provides that " where a suit is now pending, or may hereafter be brought in any state court in which there is a controversy between a citizen of the state in which the suit is brought, and a citizen of another state, such citizen of another state, whether he be plaintiff or defendant, if he shall make and file an affidavit in such state court that he has reason to believe, and does believe, that from prejudice or local influence, he will not be able to obtain justice in such state court, may have the cause removed to the circuit court of the United States."

In 60 *Ga.*, 423, under a very similar statute, so far as the pendency of the suit and the matter of controversy is concerned, we intimated very strongly that the applicant need not have been a citizen of another state at the commencement of the suit. And though in that case the applicant was a foreign corporation, or a New York corporation rather, and the facts, therefore, do not precisely make the case before us, yet had it not been such a corporation the ruling most probably would have been the same.

The words in the act of 1875, as cited in the 60th *Ga.*,

are, "that any suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, * * * in which there shall be a controversy between citizens of different states, * * * either party may remove," etc. By reference to the citation from the act of 1867 *supra*, it will be seen that the words are substantially the same, "now pending or hereafter brought," and the controversy is to be "between citizens of different states" in the act of 1875, and in this of 1867 "between a citizen of the state in which the suit is brought and a citizen of another state," which in substance is the same thing in both acts. The only difference between the two acts is that in one the words "there shall be a controversy" are used, and in the other the words "there is a controversy," but the verb "shall be," as well as the present tense of the same verb "is" refers to controversy and not to citizenship. They mean the same thing, because "is" applies in the act of 1867 to suits hereafter brought, as well as to pending suits, and when applied to the former it must be equivalent to "shall be."

In view, therefore, of our own ruling in the 60th *Ga.*, and of the opinion of Mr. Justice Miller, in 1 Wooley, 390, and the cases in 3 Dillon, 350; 3 Wood, 715, and that in So. Law Review, Vol. 7, No. 1, p. 173, we shall hold that, under the act of 1867, the applicant need not have been a citizen when the suit began. Indeed, this case is stronger in the facts than any cited. It was pending when the act was passed, and is included in its letter. The words "now pending" embrace this case, and exclude the idea of citizenship at the commencement of the suit. Suppose that at the time the act was passed, Hammond had been a citizen of Florida, would any body doubt his right to remove the case? What difference can it make that he now is a citizen of that state, and that the controversy is between him and a citizen of Georgia? If he need not

v 68—48

have been a citizen at the beginning of the suit, and need not make application until the final trial, where shall we stop his right to move *bona fide* to another state and carry with it the rights, all the rights, of citizenship therein?

We conclude, therefore, that the application was in time, and the allegation of citizenship at the time of the application is sufficient, and that the demurrer should not have been sustained on the points made therein.

If, on other grounds, the application was insufficient and could have been amended, the application should not have been dismissed, but amendments allowed.   Under our own law, all pleadings in form or substance are amendable, and the right of amendment in these removal cases is recognized in the United States courts.   10 Otto, 471 ; 11 *Ib.*, 263.

We do not say that, reading the record with the application or petition, that it is defective.   We hardly think it is ; but if so, as no point is made on it in the demurrer, which is special, the case ought not to have been dismissed if the facts authorized amendment.

On the whole, we think that the applicant was entitled to remove his case, and that the court erred in dismissing the petition on the facts made in this record by the special demurrer to the petition, and the judgment is reversed.

Judgment reversed.