WASHBURN MEMORIAL ORPHAN ASYLUM v. STATE and Another.

July 15, 1898.

Nos. 11,081—(225).

Assessment for Local Improvement—Charitable Institutions not Exempt.

Institutions organized for purposes of public charity are not, under section 3, art. 9, of the constitution, exempt from paying special assessments for local improvements on their property used for such purposes, although such property is exempt from general taxation.

Action in the district court for Hennepin county against the state of Minnesota and the board of county commissioners for

Hennepin county to declare plaintiff's land free from the lien of a certain special assessment. The cause was tried before Lancaster, J., without a jury, who ordered judgment in favor of defendants. From a judgment entered in pursuance of such order, plaintiff appealed. Affirmed.

*P. M. Babcock* and *Gilfillan, Willard & Willard,* for appellant.

It has been repeatedly held by this court that an assessment for the expense of a local improvement upon abutting property, or upon property supposed to be benefited by such improvement, is an exercise of the taxing power of the government, and not of the right of eminent domain, and is therefore a tax. McComb v. Bell, 2 Minn. 256 (295); Stinson v. Smith, 8 Minn. 326 (366); Noonan v. City of Stillwater, 33 Minn. 198; State v. District Court, 66 Minn. 161. The constitution itself declares what property shall be exempt from taxation, and that all other property shall be taxed. Any statute at variance with the constitution is a nullity. Le Duc v. City of Hastings, 39 Minn. 110; State v. Cooley, 62 Minn. 183. The constitutional provision relating to exemption from taxation is self-executing. County of Ramsey v. Church of Good Shepherd, 45 Minn. 229.

For decisions of other states as to whether exemptions from payment of taxes include special assessments, see In re Mayor, 11 Johns. 77; Roosevelt v. Mayor, 84 N. Y. 108; Pray v. Northern, 31 Pa. St. 69; Northern v. St. John's, 13 Pa. St. 104; Canal v. City, 12 Ill. 403; County v. City, 106 Ill. 209; County v. City, 130 Ill. 566; Lockwood v. City, 24 Mo. 20; Sheehan v. Good Samaritan, 50 Mo. 155; Mayor v. Green Mount, 7 Md. 517; In re College, 8 R. I. 474; City v. Society, 24 N. J. L. 385; State v. Mayor, 35 N. J. L. 157; State v. Mayor, 36 N. J. L. 478; Hudson v. Board, 56 N. J. L. 385; Olive v. City, 93 Pa. St. 129; City v. First, 105 Pa. St. 278; Wilkinsburg v. Home, 131 Pa. St. 109; Philadelphia v. Church, 134 Pa. St. 207; Philadelphia v. Pennsylvania, 154 Pa. St. 9; Boston v. Mayor, 116 Mass. 181.

*J. A. Peterson,* County Attorney, and *C. J. Rockwood,* for respondents.

The constitutional provisions relating to exemptions from taxa-

tion are not self-executing.   Willis v. Mabon, 48 Minn. 140.   If the constitution, either expressly or by implication, directs the legislature to enact laws on the subject, or if its provisions are merely general, then it is not self-executing.   Noble v. Hook, 24 Cal. 638; Kelly v. Dill, 23 Minn. 435;   French v. Teschemaker, 24 Cal. 518. See also Ramsey County v. Macalester College, 51 Minn. 437;   Ramsey County v. Stryker, 52 Minn. 144;   State v. St. Paul, 36 Minn. 529; Le Duc v. City of Hastings, 39 Minn. 110;   State v. Cooley, 62 Minn. 183.   The constitution, and the statutes as well, contemplate an exemption from general taxation only, and not from special assessments.   Exemptions must be strictly construed.   County of Ramsey v. Church of Good Shepherd, 45 Minn. 229;   St. Peter's Church v. Scott County, 12 Minn. 280 (395);   County of Hennepin v. Bell, 43 Minn. 344.   For decisions holding exemption from taxes does not include a special assessment, see County v. City, 106 Ill. 209;   County v. City, 130 Ill. 566;   Boston v. Mayor, 116 Mass. 181;   In re Mayor, 11 Johns. 77;   State v. St. Paul, supra;   25 Am. & Eng. Enc. 157–162;   City v. First, 86 Ga. 730;   Roosevelt v. Mayor, 84 N. Y. 108.

CANTY, J.

Appellant is the owner of certain real property in Minneapolis, on which the park board of that city have levied a special assessment to defray the expense of laying out Minnehaha boulevard, in that city.   Appellant contests that assessment on the ground that the land is exempt from taxation.

On the trial the court below found:

"The plaintiff is, and during all the time hereinafter mentioned has been, a corporation organized under the laws of the state of Minnesota, for the purpose of conducting an institution of purely public charity, to wit, an orphan asylum, and during all the time herein mentioned has owned and occupied, as such an institution, all of the land and real estate herein described."

From this finding it sufficiently appears that this land is, under the statute and constitution, exempt from general taxation.   But the question to be determined is whether land thus exempt from general taxation under the constitution is also exempt from special assessments to defray the expenses of local improvements, such

assessments, as a general rule, being levied only to the extent of the benefits derived by the property on which the assessment is levied.

Prior to 1869, sections 1, 3, art. 9, of the constitution, read as follows:

"Section 1. All taxes to be raised in this state shall be as nearly equal as may be, and all property on which taxes are to be levied shall have a cash valuation, and be equalized and uniform throughout the state."

"Sec. 3. Laws shall be passed taxing all moneys, credits, investments in bonds, stocks, joint stock companies or otherwise, and also all real and personal property, according to its true value in money; but public burying grounds, public school houses, public hospitals, academies, colleges, universities and all seminaries of learning, all churches, church property used for religious purposes and houses of worship, institutions of purely public charity, public property used exclusively for any public purpose, and personal property to an amount not exceeding in value two hundred dollars for each individual, shall by general laws be exempt from taxation."

In 1869 the following amendment was added to section 1:

"Provided, that the legislature may, by general law or special act, authorize municipal corporations to levy assessments for local improvements upon the property fronting upon such improvements, or upon the property to be benefited by such improvements, without regard to a cash valuation, and in such manner as the legislature may prescribe."

It will be observed that whenever the word "taxes" occurs in these constitutional provisions it means general taxes levied for the benefit of the whole state, county, city, village, town or school district, and that the word "assessments" is used only when speaking of special assessments for local improvements. Again, statutory and constitutional provisions exempting property from taxation are strictly construed. For this reason, and others, it is generally held that provisions similar to those found in our constitution do not exempt property from such assessments for local improvements. See 2 Dillon, Mun. Corp. (4th Ed.) §§ 777, 778; 25 Am. & Eng. Enc., pp. 157–165, and cases cited; Roosevelt v. Mayor, 84 N. Y. 108; City v. First Presbyterian, 68 Ga. 730, 737, 13 S. E. 252; County v. City, 130 Ill. 566, 22 N. E. 624.

It cannot be held that, after the amendment of section 1, the exemptions provided for in section 3 refer to special assessments for local improvements. Section 3 specifies a list of institutions and kinds of property, including "personal property to an amount not exceeding in value $200 for each individual," which "shall by general laws be exempt from taxation." Special assessments for local improvements cannot well be levied on personal property.

We are of the opinion that it was the intention to distinguish, in these constitutional provisions, between general taxes and local assessments, and that, while these provisions exempt the property from liability for general taxes, they do not exempt it from local assessments.

In construing these constitutional provisions, we have not overlooked the fact that section 1 was further amended in 1893 by the addition of another proviso. That proviso has no application here. The assessment here in question comes under the first proviso above quoted.

Judgment affirmed.