**BRYANT AVENUE BAPTIST CHURCH, Appellant,**

v.

**CITY OF MINNEAPOLIS, Respondent.**

A16-1328

Court of Appeals of Minnesota.

Filed March 27, 2017

Erick G. Kaardal, Mohrman, Kaardal & Erickson, P.A., Minneapolis, Minnesota (for appellant).

Susan L. Segal, Minneapolis City Attorney, Brian S. Carter, Assistant City Attorney, Minneapolis, Minnesota (for respondent).

Considered and decided by Connolly, Presiding Judge; Larkin, Judge; and Reyes, Judge.

## OPINION

CONNOLLY, Judge

Appellant church challenges respondent city's imposition of a special assessment for street resurfacing, arguing that (1) the church is exempt from special assessments under Minn. Const. art. X, § 1, and (2) the special assessment is an unconstitutional taking under Minn. Const. art. I, § 13. Because we conclude that the plain language of the 1970 amendment to Minn. Const. art. X, § 1, does not exempt churches from special assessments, we affirm.

## FACTS

Appellant Bryant Avenue Baptist Church is a nonprofit organization of approximately 80 members located in respondent City of Minneapolis. In February 2016, respondent imposed a special assessment of $31,191.30 against appellant related to a street resurfacing project. Appellant is required to pay off the amount in five annual principal installments beginning in 2017.

Appellant filed a complaint and appeal of the special assessment, requesting a declaratory judgment that the application of the special assessment against appellant is unconstitutional under Minn. Const. art. X, § 1.

Respondent filed a motion to dismiss pursuant to Minn. R. Civ. P. 12.02(e), arguing that appellant failed to state a claim upon which relief can be granted. Appellant then filed a motion for summary judgment.

The district court denied summary judgment and granted respondent's motion to dismiss, concluding that the 1970 amendment to Minn. Const. art. X, § 1 did not exempt appellant from having to pay special assessments.

## ISSUE

Does the plain language of the 1970 amendment to Minn. Const. art. X, § 1 exempt churches from special assessments?

## ANALYSIS

■ "We review de novo whether a complaint sets forth a legally sufficient claim for relief. We accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the non-moving party." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn.2014) (citation omitted). There are no facts in dispute, and we are left with a question of law as to whether the 1970 amendment to Minn. Const. art. X, § 1, precludes respondent from levying a special assessment against a church or other organization named in section 1. Article X, section 1 (2016), begins:

> The power of taxation shall never be surrendered, suspended or contracted away. Taxes shall be uniform upon the same class of subjects and shall be levied and collected for public purposes, but public burying grounds, public school houses, public hospitals, academies, colleges, universities, all seminaries of learning, all churches, church property, houses of worship, institutions of purely public charity, and public property used exclusively for any public purpose, shall be exempt from taxation *except as provided in this section.* There may be exempted from taxation personal property not exceeding in value $200 for each household, individual or head of a family, and household goods and farm machinery as the legislature determines. The legislature may authorize municipal corporations to levy and collect assessments for local improvements upon property benefited thereby without regard to cash valuation. *The legislature by law may define or limit the property exempt under this section other than churches, houses of worship, and property solely used for educational purposes by academies, colleges, universities and seminaries of learning.*

(Emphasis added to indicate the language added by the 1970 amendment). Appellant argues that the amended language extends the prohibition of levying general taxes against churches to include levying special assessments.

In denying summary judgment and granting respondent's motion to dismiss, the district court relied on *Washburn Mem'l Orphan Asylum v. State*, 73 Minn. 343, 76 N.W. 204 (1898), in which an orphanage challenged a special assessment for boulevard property improvements as a constitutional violation of its tax-exempt status. That case addressed "whether land thus exempt from general taxation under the constitution is also exempt from special assessments to defray the expenses of local improvements." *Washburn*, 73 Minn. at 345, 76 N.W. at 204. *Washburn* held that exemptions were to be strictly construed, that the legislature intended to differentiate between general taxes and local assessments for improvements, and that, while constitutional "provisions exempt the property from liability for general taxes, they do not exempt it from local assessments." *Id.*, 76 N.W. at 204. The district court here concluded that the plain language of the 1970 amendment did not change the holding and rationale of *Washburn*.

■ When interpreting the Minnesota Constitution, courts first examine the language of the constitutional provision in question to determine whether it is ambiguous. *Kahn v. Griffin*, 701 N.W.2d 815, 825 (Minn.2005). If the language is unambiguous, it is effective as written and courts do not apply any other rules of construction. *Id.* If the language is ambiguous, courts seek to discover its meaning by looking beyond the language for other indicia of intent. *Id.* Courts seek to resolve the ambiguity in a way that forwards the apparent purpose for which the provision was adopted. *Id.*

We conclude that the plain language of the constitutional provision at issue is not ambiguous. "[A]ll churches, church property [and] houses of worship ... shall be exempt from taxation except as provided in this section.... The legislature may authorize municipal corporations to levy and collect assessments for local improvements upon property benefited thereby without regard to cash valuation." Minn. Const. art. X, § 1. *Washburn* directly addressed whether "land ... exempt from general taxation under the constitution is also exempt from special assessments to defray the expenses of local improvements." *Washburn*, 73 Minn. at 345, 347, 76 N.W. at 204 (distinguishing between general taxes and local assessments and holding that, while churches are exempt from liability for general taxes, they are not exempt from local assessments).

Appellant argues that the 1970 amendment prohibits the legislature from exercising its authority to levy either general taxes or special assessments on churches and that *Washburn*, decided 72 years before the 1970 amendment, is not dispositive because it predated the amendment. *See* Minn. Const. art. X, § 1. But the 1970 amendment did not change any of the language relied on by *Washburn*.

We conclude that the plain language of the amendment was simply meant to clarify that the legislature may limit the type or classification of property exempt from taxes held by certain property owners and, in particular, owners of public burying grounds, public school houses, public hospitals, and institutions of any public charity. For example, if those institutions started to own and operate amusement parks, bowling alleys, or movie theaters, the legislature might want to revisit the tax-exempt status of those properties. But the legislature did not intend that limitation to apply to "churches, houses of worship, and property solely used for educational purposes by academies, colleges, universities and seminaries of learning." Minn. Const. art. X, § 1. That limitation, by its plain language, does not mean that churches are now exempt from special assessments.

Our supreme court recently weighed in on a related issue when it determined that a city's right-of-way assessment imposed on a church was an exercise of the city's general taxing power, not an exercise of its police power, and was therefore subject to constitutional restrictions. *First Baptist Church of St. Paul v. City of St. Paul*, 884 N.W.2d 355, 365 (Minn.2016). In that case, both this court and the district court viewed the assessment as an exercise of police power. *Id.* at 358. The supreme court concluded that the assessment was levied under the taxing power and remanded for a determination of whether the amount of the assessment exceeded the special benefits to the property. *Id.* at 366-67. We note that the issues on remand included whether the assessment "(1) violates constitutional principles of uniformity; (2) exceeds any special benefit; (3) is not roughly proportional because it is imposed on the basis of frontage; and (4) is imposed in excess of the actual cost[.]" *Id.* In dicta, the supreme court stated:

A municipality's taxing authority is conferred by the legislature. Entities exempt from taxation under Article X, Section 1 of the Minnesota Constitution (such as all churches, church property, and houses of worship) *must still pay special assessments for local improvements.* This is because the underlying idea of all such assessments is that the payers of the assessment constitute a portion of the community ... specially benefited in the enhancement of property peculiarly situated as regards the

contemplated expenditure of public money.

*Id.* at 359 n.4 (quotations and citations omitted) (emphasis added). Appellant argues that *First Baptist Church* actually supports its position because "although the special assessment is an exercise of the municipality's taxing power, a special assessment is subject to constitutional restrictions" (internal quotations omitted).Appellant argues that the "constitutional restrictions" on the taxing power include a restriction on assessing special assessments on a church after the 1970 amendment, despite the supreme court explicitly stating the contrary, albeit in dicta. *See id.* We disagree. We conclude that the language from *First Baptist Church* is instructive as to whether, under Minnesota law, churches are exempt from special assessments. They are not.

We have also noted that "while other types of public and religious property are not generally exempt from special assessment taxes, as public and private cemeteries are, they are uniformly exempt from property taxes." *City of New Hope v. Catholic Cemeteries*, 467 N.W.2d 336, 341 (Minn.App.1991). That case relied on Minn. Stat. § 307.09, subd. 1 (1988), stating: "All lands ... so laid out and dedicated as a private cemetery, *shall be exempt from public taxes and assessments* ... so long as the same remains appropriated to the use of a cemetery." *City of New Hope*, 467 N.W.2d at 338 (emphasis added). This court held that the land appropriated for use as a cemetery was exempt from a special assessment levied by the City of New Hope. *Id.* at 341. There is no such statute exempting church property from "public taxes and assessments." The language of Minn. Stat. § 307.09, subd. 1, also shows that the legislature knows how to exempt specific entities from special assessments when it wishes to do so. The

legislature has not elected to do so for property in appellant's category.

Appellant further argues that, if we accept the rationale and precedent of *Washburn*, then statutes such as Minn. Stat. § 307.09, subd. 1, and Minn. Stat. § 306.14, subd. 1 (2016) (exempting private cemetery associations from special assessments), are unconstitutional because the legislature would not have the authority to exempt these properties from special assessments. We disagree. Under the amendment, the legislature may define or limit the exempt status of property in section 1 "other than churches, houses of worship, and property solely used for educational purposes by academies, colleges, universities and seminaries of learning." Minn. Const. art. X, § 1.

Because the language of Minn. Const. art. X, § 1, is not ambiguous, and because the plain language of the amendment does not prohibit municipalities from levying special assessments against churches, we conclude that the district court did not err in granting respondent's motion to dismiss.

Because appellant's argument that the special assessment is an unconstitutional taking relies on a conclusion that the special assessment is unconstitutional under Minn. Const. art. X, § 1, we also conclude that there was no unconstitutional taking here.

## DECISION

Because appellant is not exempt from special assessments under the 1970 amendment to Minn. Const. art. X, § 1, we conclude that the district court did not err in granting respondent's motion to dismiss.

**Affirmed.**