STATE OF MINNESOTA, *ex. rel.* Oakland Cemetery Association, *vs.* CITY OF ST. PAUL.

May 5, 1887.

**Assessments for Local Improvements—Exemption of Cemeteries.—** By Gen. St. 1878, *c.* 34, § 259, the lands and property of cemetery associations are exempt from "*all public taxes and assessments.*" *Held,* that this exemption extends to "assessments" for local improvements; as, for example, a sidewalk built in front of the property.

In proceedings for enforcing a sidewalk assessment in the city of St. Paul, application was made to the district court for Ramsey county for judgment against certain lands of the Oakland Cemetery Association. The land-owner appeared and objected on the ground that the land assessed was owned and used by it exclusively as a cemetery. The objection was overruled by *Simons,* J., and judgment ordered and entered against the land, whereupon the land-owner brought the proceedings before this court by *certiorari.*

*Harvey Officer,* for relator.

*W. P. Murray,* for respondent.

MITCHELL, J. The statute relating to cemetery associations (Gen. St. 1878, *c.* 34, § 259) provides that "the cemetery lands and property of any association formed pursuant to this title are exempt from *all public taxes and assessments.*" The question here is whether this exemption includes assessments levied for local improvements, which

v.36M—34

in this case was a sidewalk, the cost of which was, in accordance with the charter of the city of St. Paul, assessed upon the property fronting upon the improvement, "in accordance with the number of lineal feet of real estate." An assessment of this kind is a *tax*, the levying of which is an exercise of the taxing power. *Stinson* v. *Smith*, 8 Minn. 326, (366;) *Noonan* v. *City of Stillwater*, 33 Minn. 198, (22 N. W. Rep. 444.) But, where the terms are used in contradistinction to each other, the word "taxes" refers to those general burdens or charges imposed upon all property in the whole city, county, or state for general public purposes, while the word "assessments" is used to denote those local burdens or charges imposed by municipal corporations upon property fronting upon or situated near some local improvement. In this statute, both terms, "taxes and assessments," are used; the latter evidently in the sense above referred to, viz., burdens or charges to defray the expense of a local improvement. To give the word "assessment" any meaning or force whatever, it must be held to mean something not included in the preceding word, "*taxes.*" And it is a familiar rule that a statute should be so construed that, if it can be prevented, no clause, word, or sentence should be superfluous, void, or insignificant.

It is urged that the adjective "public" implies that there were in the view of the legislature, taxes and assessments other than those which it designates as public, and the exemption was intended to be limited to those levied upon all property for some general use or purpose, as distinguished from those charges imposed upon the property in a particular locality to defray the expense of some local improvement. To give it the construction contended for renders the language of the statute merely tautological, and the word "assessments" superfluous. The language used may be neither entirely apt nor happy, but we do not think that the term "public" was intended to thus limit the exemption. Both "taxes" and "assessments" are levied for a *public* purpose, for the taxing power cannot be used for any other. Just as a general city tax, for example, is levied for a public purpose common to the entire city, so an assessment for the cost of a local improvement is levied for a public purpose, although common only to a particular street or district, and hence levied only upon the prop-

erty fronting upon it, or benefited by it. But each is a tax, and each is public in the sense that it is levied for a public purpose.

In our judgment, the manifest intention of the legislature was to exempt the property of cemetery associations from *all public* charges and burdens imposed in the exercise of the taxing power, whether of a general or local character. This construction is in harmony with the object of this exemption, which is not merely to aid cemetery associations in dollars and cents, to the amount of the tax or assessment which would otherwise be levied against their property, but mainly to preserve cemeteries for the particular use to which they have been appropriated, and secure their perpetuity as places of burial, and thus, in accordance with the common sentiment of mankind, guard against the disturbance of the resting places of the dead, which would naturally ensue if the ground was liable to be sold to enforce the collection of taxes or assessments.

In our cities these assessments for local improvements are often the most onerous and arbitrary forms of taxation, frequently amounting almost to legal confiscation. This is necessarily so from the very nature of the case. If we are correct as to the object of the exemption, there is therefore the greater reason why it should extend to these assessments. And such, we think, was the intention of the legislature. Against this it has been suggested that these assessments are not a burden, like a general tax, but merely an equivalent for the benefit which the property derives from the improvement, and therefore it is not to be presumed that the legislature intended that the property should receive the benefit without paying for it. As against clear and unequivocal language in a statute, such a suggestion is without force. But it seems to us that the supposed distinction between general taxes and local assessments is more apparent than real. Both are taxes, and in that sense are burdens; but for each the property receives an equivalent. In the case of a general city tax this equivalent is the protection of property by the various agencies of the city government, and the benefits derived from public improvements made by the city at large. In the case of an "assessment" the equivalent is the benefit supposed to be received from the local improvement. To exempt property from either form of taxation

is simply to give it the benefit, without requiring it to contribute its share of the cost. The principle is the same in either case.

The proceedings of the court below are quashed.