ANNIE SCHUETT v. CITY OF STILLWATER.[1]

June 25, 1900.

Nos. 11,989—(166).

**Municipal Corporation—Surface Water—Charge to Jury.**

    In an action against a city to recover damages to real property alleged to have been caused by the defendant's negligence when grading a street, whereby a large quantity of surface water had been unnecessarily and unreasonably collected, and in destructive currents turned upon said property, the court charged the jury, in effect, that the city had no right to collect surface water, when grading its streets, at a point where it would not naturally go, except for such grading, and then turn it in

[1] Reported in 83 N. W. 180.

destructive currents upon plaintiff's property, and, if it had done so, it would be liable in damages. *Held* to have been error. This statement of the law should have been qualified or modified to the effect that it was the duty of the city to take care of surface water accumulated because of street grading, so that it would cause no injury, if this could be done practically and at a reasonable expense. The duty is not an absolute one under all circumstances.

Action in the district court for Washington county to recover $1,510 damages for injury to plaintiff's land. The case was tried before Williston, J., and a jury, which rendered a verdict in favor of plaintiff for $425. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*J. C. Nethaway,* for appellant.

*J. N. Castle,* for respondent.

COLLINS, J.

This action was brought by plaintiff against defendant city to recover damages to her life estate in a certain lot, alleged to have been caused by the city's negligence when grading the street, whereby a large quantity of surface water had been unnecessarily and unreasonably collected, and turned upon her premises in destructive currents, to her damage. It is claimed by counsel for the defendant that the evidence was insufficient to justify the verdict, but we are not obliged to express any opinion upon this point, for the order must be reversed because of error in the charge. At the plaintiff's request the court gave three separate and distinct requests to charge, as follows:

First. "While a city may make all needful and necessary arrangements for the disposition of surface water involved in the grading of its street, it must do so with due regard to the rights and interests of others. It has no right to collect surface water at a point where it would not naturally go, but for its enterprise, and turn the same in destructive currents upon the adjoining land. If it do so, it will be liable to a person whose property is injured thereby for the damages he may sustain."

Second. "In grading its streets, the city has a right to control the course of the surface water. It has a right to dam up and obstruct the same, and to change the direction of its flow. It may direct the same. But in so doing it must act with prudence, and a

reasonable regard for the property rights of others. It has no right to needlessly or unnecessarily change the course of surface water, to the damage of others' property. If surface water can be disposed of equally well without detriment to others' property, it is the plain duty of the city to so dispose of it; and it has no right to turn such water upon the property of others, when it can equally well be disposed of in its original channel, or in some other mode, without damage to others." This request was then qualified thus: "That is, gentlemen, when it can be done practically and at a reasonable expense. Water can be taken almost anywhere. You can almost make it run up hill. But it would not be the duty of this city to expend ten thousand dollars in taking water through a certain place, when, in the judgment of the city council, at the expenditure of one thousand dollars they could equally well provide for it."

Third. "If the jury find from the evidence that the defendant might reasonably have constructed a culvert through its roadbed on Second street, on the line of the old channel, for the surface water near Balsam street, and thereby conveyed the water in question through its natural and usual channel from its street and right of way, without injury to any other landowner, and that it neglected to do so, but that it unnecessarily and unreasonably drained the water upon the plaintiff's property, then the plaintiff is entitled to recover."

And at the defendant's request the court charged that

"The failure to build a sewer underneath North Second street, between Balsam and Spruce streets, to take care of and drain off water that may have accumulated west of Second street at that point, is not negligence on the part of the city."

In the case of O'Brien v. City of St. Paul, 25 Minn. 331, the law bearing on the duty of municipal corporations as to accumulated surface waters was very clearly stated in the following language (page 336):

"From the complaint there does not appear any necessity, in grading the avenue, to collect the water at the point indicated, nor any difficulty in conducting it off without injury to private property, if it was desirable to so grade the avenue as to accumulate the water there. Having accumulated the water there, it was the duty of the city to take care of it—certainly, if reasonably practicable—and prevent it injuring others."

It was there clearly stated as the law that, having accumulated water, it was the duty of the city to take care of it, if reasonably

80 M.—19

practicable, and thus to prevent it injuring others. It will be noticed that in giving these requests to the jury the court made three independent, distinct propositions thereof; the first one being, in effect, that the city would have no right to collect surface water at a point where it would not naturally go, but for the act of the city, and then turn the same in destructive currents upon adjoining land, and further that, if this was done, the person whose property was so injured could recover damages of the city. In no manner was this proposition qualified, as it should have been, and as was the second proposition, to the effect that it was the duty of the city to take care of surface waters which it had accumulated, if this could have been done practicably and at a reasonable expense. This qualification is especially important where the surface of the ground is rough and hilly, as was that herein involved. It should have been made to the first proposition, and we are very clearly of the opinion that the subsequent qualification of the second cannot be held to have qualified the first in any manner. The modification might not have been understood by the jury as going to the first proposition. The duty to take care of surface waters is not an absolute one, as the court stated, in effect, it was, in the first proposition. See upon the subject, generally, Brown v. Winona & S. Ry. Co., 53 Minn. 259, 55 N. W. 123.

We are also of the opinion that there was direct conflict between the third request, as formulated by the plaintiff and given by the court, and the ninth request submitted by the defendant, and also given as the law in the case, which may have misled the jury.

For the error in the first mentioned of these special requests, the order refusing a new trial must be, and hereby is, reversed, and a new trial granted.