G. W. PATTERSON and Others v. CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY.[1]

December 7, 1906.

Nos. 14,974—(99).

**Assessment for Public Ditch.**
   The right of way of a railway company, paying a gross earnings tax in lieu of all taxes and all assessments as provided by Sp. Laws 1873, p. 302, ·c. 111, is exempt from assessments for special benefits accruing thereto by the construction of a public ditch.

[1]Reported in 109 N. W. 993.

Appeal by the petitioners in the matter of drainage ditch No. 6, from an order of the district court for Nobles county, Quinn, J., ordering judgment for respondent, annulling an assessment and dismissing the proceeding. Affirmed.

*C. M. Crandall,* for appellants.

*Town & Jones* and *Stringer & Seymour,* for respondent.

START, C. J.

The board of county commissioners of the county of Nobles on August 15, 1905, made an order establishing a public ditch under the provisions of chapter 258, p. 413, Laws 1901, whereby an attempt was made to levy an assessment amounting in the aggregate to $1,800 upon the land of the respondent for the local benefits accruing thereto by the construction of the ditch. Thereupon the respondent appealed to the district court of the county of Nobles, which annulled the assessment. The petitioners appealed to this court.

The land of the respondent railway company which was affected by such assessment was its right of way, in actual use in connection with the operation of its line of railroad. The respondent's grantor in 1879 duly accepted the provisions of Sp. Laws 1873, p. 302, c. 111, relating to the payment of a gross earnings tax, in consideration of which the property of all railroads accepting the provisions of the law is exempted from all taxation and from all assessments. The respondent and its grantor have each year paid the gross earnings tax as provided by law, and it is now paying a tax of four per cent. of its gross earnings within this state. The precise question here to be decided is this: Does the payment of a gross earnings tax by the respondent, pursuant to the statute, exempt its right of way from an assessment levied thereon for the benefits accruing to it by reason of the construction of a public ditch? The contention of counsel for the appellants is to the effect that: "The usual rules and laws applicable to ordinary and usual taxation are in no way applicable to such assessment, which is in effect but a specific lien upon the specific property for the payment of a specific charge for a specific purpose other than ordinary and usual taxation. * * * The assessments for the particular benefits for this public ditch are made under the police power and not under the usual laws for ordinary taxation.

Therefore, if the construction to be placed upon the exemption set forth in chapter 111, p. 302, Sp. Laws 1873, is to be applied to ordinary taxation, as generally understood, the payment of a gross earnings tax in no way exempts the exercise of the police power when necessary."

The argument urged would be entitled to serious consideration, if the question were a new one. The meaning of the term "assessments," as used in statutes providing for the payment of a gross earnings tax by railway companies in lieu of all other taxation and all assessments, has been conclusively settled adversely to appellants' claim by the decisions of this court, which have become rules of property. It is the settled law of this state, as evidenced by such decisions, that the word "assessments," as used in statutes providing for a gross earnings tax, means a burden not included in the word "taxes," and that they exempt the property, used for railroad purposes, of railway companies paying the gross earnings tax, not only from all general or ordinary taxes, but from all local, special, or extraordinary assessments or charges. First Division St. P. & Pac. R. Co. v. City of St. Paul, 21 Minn. 526; City of St. Paul v. St. Paul & Sioux City R. Co., 23 Minn. 469; State v. District Court of Ramsey County, 68 Minn. 242, 71 N. W. 27. See State v. City of St. Paul, 36 Minn. 529, 32 N. W. 781. An assessment made upon land for special benefits accruing to it from the construction of a public ditch is a lien on the land. Such charge or burden is an assessment for a local improvement, which the county laying out the ditch is authorized to levy upon property, not exempt, for the benefits accruing thereto by the construction of the ditch. Dowlan v. County of Sibley, 36 Minn. 430, 31 N. W. 517. The burden attempted to be placed upon the right of way of the respondent by the proceedings to lay out the ditch in this case is essentially a local and special assessment, within the meaning of the statute providing for the payment of a gross earnings tax, as construed by the decisions of this court. It follows that the assessment is void.

Order affirmed.