## CITY OF ST. PAUL v. OAKLAND CEMETERY ASSOCIATION.[1]

### November 17, 1916.

### Nos. 20,186—(83).

**Constitution — exemption of cemetery from local assessments.**

Section 6286, G. S. 1913, exempting public cemetery associations from assessments for local improvements, does not contravene any constitutional provision.

Application to the district court for Ramsey county for confirmation of an assessment for the construction of a sewer on Magnolia street in the city of St. Paul. Defendant in its answer set up that it was organized in the year 1853 by virtue of the laws of the territory of Minne-

[1]Reported in 159 N. W. 962.

Note.—For authorities discussing the question of liability of cemeteries to assessment for local improvements, see notes in 35 L.R.A. 36; 44 L.R.A. (N.S.) 57.

sota for the purpose of holding lands exclusively for the purposes of a public cemetery, and was authorized by law to hold not exceeding 300 acres exclusively for such purposes; that it actually owned 100 acres and no more; that in State v. City of St. Paul, 36 Minn. 529, this court held that its lands are exempt from assessments for local improvements. The matter was tried before Michael, J., who denied the application. From an order denying a motion to set aside the decision, the city of St. Paul appealed. Affirmed.

*O. H. O'Neill* and *J. P. Kyle,* for appellant.

*Lightner & Young,* for respondents.

HOLT, J.

Section 6286, G. S. 1913, which provides that the lands of a cemetery association organized under the laws of this state "shall be exempt from all public taxes and assessments," is attacked as unconstitutional on this appeal.

The city contends that the Constitution specifies what property may be exempt from public burdens and the extent thereof, and that it is beyond the power of the legislature to add thereto. Section 1 of article 9 of the Constitution so far as pertinent to this case reads: "The power of taxation shall never be surrendered, suspended or contracted away. Taxes shall be uniform upon the same class of subjects, and shall be levied and collected for public purposes, but public burying grounds, public school houses * * * institutions of purely public charity * * * shall be exempt from taxation * * * Provided, that the legislature may authorize municipal corporations to levy and collect asssessments for local improvements upon property benefited thereby without regard to a cash valuation * * *." Previous to the amendment of 1906 the subject matters of section 1 were found under three sections of the same article. In some respects the amendment of 1906 was a fundamental modification of the former three sections. But the exemption of public burying grounds and institutions of purely public charity remained as before. At the time of the adoption of this amended section 1 of article 9, this court had held that, in virtue of section 6286, G. S. 1913, cemetery associations were exempt from assessments for public improvements (State v. City of St. Paul, 36 Minn. 529, 32 N. W. 781); and had also

decided that institutions of purely public charity were not exempt from like assessments. Washburn M. O. Asylum v. State, 73 Minn. 343, 76 N. W. 204. By not making any change in the wording of the exemption either for public burying grounds or for institutions of purely public charity, it is fair to assume that the people, when section 1 in its present form was adopted, were satisfied with the interpretation given by this court to the existing statutes and Constitution with regard to the exemption and nonexemption of these organizations from local assessments.

We also think that public policy, from territorial times to the present day, has always favored the exemption of public burying grounds from taxes and assessments. Section 15, c. 37, p. 161, Laws 1851, was to that effect. This section, unless repugnant to the Constitution of 1857, was continued in force and effect by section 2 of the Schedule. Since the Constitution itself provided for an exemption of public burying grounds from general taxes, it is not easy to find a statute repugnant thereto where it grants a like exemption from local assessments. The construction of the statute (the same as section 6286, G. S. 1913) was before this court in State v. City of St. Paul, supra, and the word "assessments," as used therein, was held to designate impositions made by municipalities for local improvements, as contradistinguished from funds raised for general revenue. It is true, the constitutionality of the statute was not directly challenged in that case. However, it was there held that the cemetery was exempt from local assessments. After that decision has now for nearly 30 years been recognized as established law, the statute supporting it should not be lightly brushed aside as unconstitutional. We think public policy, as well as the reluctance which courts should properly entertain against disturbing what has apparently been for a long time accepted as settled law, prohibit us from declaring the statute invalid at this late day.

But, even unhampered by the foregoing considerations, it is by no means clear that any constitutional objections may be found to the statute. The proviso in section 1, article 9, recognizes a power in the legislature over the assessments for local improvements. This court has held that municipalities do not inherently possess the power to levy such assessment. "The authority of municipalities to impose burdens of any character upon persons or property, is wholly statutory." Sewall v.

City of St. Paul, 20 Minn. 459 (511). See also State v. City of Ely, 129 Minn. 40, 151 N. W. 545, Ann. Cas. 1916B, 189. Assessments for public improvements are based upon benefits conferred upon the property assessed, and cannot exceed such benefits. The legislature may prescribe how benefits shall be determined; and it would seem to follow that it may also determine whether or not a certain class of property will be benefited by local improvements. By the statute under consideration we may say, that the legislature determined that local improvements do not bestow benefits upon public cemeteries, hence such property is exempt from assessments therefor.

Again, it would appear to be in consonance with sound reasoning to say that the Constitution, by exempting certain property from general taxation, has invited rather than forbidden the legislature to exempt the same property from assessment for local improvements. The Constitution of Ohio provided that "laws shall be passed taxing by uniform rule * * * all real and personal property according to its true money value, but burying grounds may be exempted from taxation." No statute had been passed exempting cemeteries from the burden of local improvements, hence the court properly held the cemetery liable for assessments in Lima v. Cemetery Assn. 42 Oh. St. 128, 51 Am. St. 807. But speaking of the bearing of the Constitution in this respect upon the authority of the legislature the court says: "There is nothing then in the Constitution forbidding either the assessments of such property or its exemption from assessments." And decisions generally recognize the existence of statutory as well as constitutional exemptions. City Street Imp. Co. v. Regents of University, 153 Cal. 776, 96 Pac. 801, 18 L.R.A. (N.S.) 451.

Appellant cites cases holding cemetery associations liable for assessments of the character here in question: Bloomington Cemetery Assn. v. People, 139 Ill. 16, 28 N. E. 1076; Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 506; City of Baltimore v. Proprietors of Green Mt. Cemetery, 7 Md. 517; Mullins v. Mt. St. Mary's Cemetery Assn. 239 Mo. 681, 144 S. W. 109; Lima v. Cemetery Assn. supra, and others. In these cases there was either a lack of express statutory exemption, or the exemption was from taxation merely which the court construed as not exempting from assessments, or else a construction was given to the word "assessments" in the exemption statute different from that given by

this court in State v. City of St. Paul, supra. After the decision in Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 506, the legislature of New York passed a statute specifically exempting cemeteries from assessments for local improvements. This statute was sustained in Buffalo Cemetery. Assn. v. City of Buffalo, 118 N. Y. 61, 22 N. E. 962; Oakland Cemetery v. City of Yonkers, 63 App. Div. 448, 71 N. Y. Supp. 783 (affirmed in 182 N. Y. 564, 75 N. E. 1132); Matter of City of New York, 192 N. Y. 459, 85 N. E. 755.

The learned court below denied the city the right to assess relator for benefits, on the ground that relator was incorporated prior to the adoption of the Constitution, so that Laws 1851, p. 161, c. 37, § 15, became a part of its charter, and the exemption also covered land acquired subsequent to the adoption of the Constitution, whenever statutes were passed enlarging the quantity of land which a cemetery association may hold. This may also be correct; but we prefer to base our decision upon the constitutionality of the statute, thereby placing all public cemetery associations in the same class with respect to local assessments.

Affirmed.