# STATE EX REL. ALBERT KASPER v. MINNESOTA TAX COMMISSION.[1]

## May 18, 1917.

## Nos. 20,404—(26).

**Ditch — abatement of assessment by tax commission.**

> The Minnesota State Tax Commission has power on a proper showing to abate an assessment of benefits levied in proceedings to construct a county ditch. Such an assessment is an assessment levied by a municipality for local improvements. Such abatement or reduction may be made after the ditch is established and the assessment confirmed.

Upon the relation of Albert Kasper this court issued its writ of *certiorari* to review the action of the Minnesota Tax Commission in

[1]Reported in 162 N. W. 686.

refusing to reduce, as to one 40-acre tract, and to wholly abate, as to five other such tracts, certain assessments for the construction of County Ditch No. 20 in Aitkin county. Reversed.

*Nelson & Nelson*, for relator.

*Lyndon A. Smith*, Attorney General, and *Egbert S. Oakley*, for respondents.

HALLAM, J.

In 1914 proceedings were commenced for the construction of County Ditch No. 20 in Aitkin county. The county board made the usual order establishing the ditch. The ditch was constructed and completed. The cost was assessed against land benefited. Among the parcels assessed for benefits were six forties of relator's land. Thereafter it developed that five of these forties the ditch did not drain at all, and the sixth it drained only a small amount. Relator presented a petition to the Minnesota Tax Commission, setting forth that, on account of these facts, it is unjust and inequitable that he should pay the assessments levied, and asked for an abatement of the assessment against the land not drained at all, and a reduction of the assessment against the forty only partially drained. With the petition, he presented the approval of the county board and of the county auditor.

The tax commission found as facts "that the allegations in said petition are true, that the petitioner is entitled to the relief sought;" as a conclusion of law, the commission found "that it is without authority to abate or reduce a ditch lien assessment made in connection with so-called county ditches," and the petition was denied. Relator brings *certiorari* to review the determination of the tax commission.

We are of the opinion that the tax commission has power, upon proper proceedings, to abate an assessment levied in proceedings to construct a county ditch.

Section 2343, G. S. 1913, gives the tax commission power "to have and exercise general supervision over the administration of the assessment and taxation laws of the state, over assessors, town, county and city boards of review and equalization and all other assessing officers."

G. S. 1913, § 1978, further defining the power of the tax commission, provides that: "It shall hear and determine all matters of grievance

relating to taxation. It shall have power to grant such reduction or abatement of assessed valuations or taxes and of any costs, penalties or interest thereon as it may deem just and equitable, and to order the refundment in whole or in part of any taxes, costs, penalties or interest thereon which have been erroneously or unjustly paid. * * * But no reduction, abatement or refundment of any special assessments made or levied by any municipality for local improvements shall be made unless it is also approved by the board of review or similar taxing authority of such municipality."

A grant of power to abate or reduce "taxes" does not necessarily confer power to abate or reduce special assessments levied by a municipality for local improvements. The term "taxes" does not always include such special assessments. Whether it does or not, depends on the context. Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444, 53 Am. Rep. 23; State v. City of St. Paul, 36 Minn. 529, 32 N. W. 781; Washburn M. O. A. v. State, 73 Minn. 343, 76 N. W. 204; City of St. Paul v. Oakland Cemetery Assn. 134 Minn. 441, 159 N. W. 962.

In this case, the specific language of the statute regulating the procedure in case of abatement of special assessments "made or levied by any municipality for local improvements" leaves no doubt that it was the intent of the legislature to give the commission power to abate such special assessments as well as general taxes.

The state concedes this, but contends that ditch lien assessments are not special assessments levied by a municipality for local improvements. We think they are. In fact, this is not now an open question in this state. As early as 1887, it was held in Dowlan v. County of Sibley, 36 Minn. 430, 31 N. W. 517, that a county was a municipal corporation, within the meaing of section 1, art. 9, of the Constitution, authorizing municipal corporations to levy assessments for local improvements upon property to be benefited by such improvements without regard to a cash valuation, and that an assessment upon land for special benefits accruing to it from the construction of a public ditch is an assessment for a local improvement within the meaning of that section of the Constitution. This decision was cited and approved in Sperry v. Flygare, 80 Minn. 325, 329, 83 N. W. 180, 49 L.R.A. 757, 81 Am. St. 261; Patterson v. Chicago, R. I. & Pac. Ry. Co. 99 Minn. 454, 109

N. W. 993. We approve and follow these decisions, and hold that a county is a municipality and that a ditch assessment is a special assessment for a local improvement as those terms are used in section 1978.

The state concedes that the commission "might have authority," under some circumstances, to abate a ditch assessment, but contends that no such right should exist in cases such as this after the county board has made its order establishing the ditch and confirming the assessment of benefits and the time of appeal therefrom has expired, and no appeal taken by the party complaining.

It is very true that, in the absence of fraud or demonstrable mistake, the county board's confirmation of a county ditch assessment is a determination of the utility of the ditch and the benefits conferred thereby. Jacobson v. County of Lac Qui Parle, 119 Minn. 14, 137 N. W. 419. We think it does not follow that the tax commission has no power to abate or reduce such an assessment. Section 1978 above quoted gives the commission power to grant reduction or abatement "as it may deem just and equitable." There is no limit as to the time or the stage of the proceedings at which such application for abatement or reduction shall be made. The power to abate or reduce is not confined to cases where the tax or assessment was unlawfully levied. It is a manifest purpose of the provision to give to the tax commission the right to abate or reduce a tax or assessment in cases where no right to such relief theretofore existed, and to give relief where taxing officers and the courts could not afford it under rules of law then existing. The limitation upon the power of the commission is that it shall only grant such abatement or reduction as it may deem just and equitable. We do not think this statute confers upon the commission arbitrary or unlimited power. The statute does confer discretionary power to act in cases where there is a fair showing that justice and equity call for the exercise of discretion.

Ample provision is made for reassessment of the amount abated against property which is in fact benefited. G. S. 1913, § 5591.

Whether the same rule should apply to assessments levied in judicial ditch proceedings is not before us and is not decided.

The order of the Minnesota Tax Commission is reversed with directions to proceed in accordance with this opinion.