## DIOCESE OF ST. PAUL v. CITY OF ST. PAUL.[1]

### July 20, 1917.

### Nos. 20,426—(226).

**Cemetery — private cemetery — exemption from local assessment.**

Calvary cemetery is owned and operated by the Diocese of St. Paul, a religious corporation. No plat of the property was ever filed for record as required by G. S. 1913, § 6316. The city of St. Paul levied a special assessment against the lands comprising the cemetery for the construction of a sewer along one side of the property. It is *held*:

(1) The Diocese is not a public cemetery association, the statutes relative to the establishment of cemeteries by such associations, the conduct thereof, and the exemption of their lands from taxes and assessments, do not apply. The laws that do apply are those relative to the establishment of cemeteries by private persons and religious corporations. Under G. S. 1913, §§ 6316, 6317 and 6323, the lands comprising such a cemetery are not exempt from assessments for public improvements unless the requirements of the statute are substantially complied with. The omission to record a plat, as required by section 6316, was a substantial failure to comply with the statutory requirements, and prevents holding that the cemetery was laid out and dedicated as required by the statutes, and that the lands are exempt from assessment.

(2) It does not appear that the assessment in question cannot be collected in the usual course out of lands of the cemetery not in use for burial purposes.

(3) In determining that the lands comprising the cemetery were benefited by the improvement, it is not shown that the common council made a demonstrable mistake of fact, or applied an erroneous rule of law.

[1]Reported in 163 N. W. 978.

The Diocese of St. Paul, owner of Calvary cemetery, filed objections in the district court for Ramsey county in the matter of the application of the city of St. Paul for confirmation of an assessment for the construction of a sewer on Front and other streets. The matter was heard before Brill, J., who overruled the objections and ordered judgment in favor of the city. From the judgment confirming the assessment, objector appealed. Affirmed.

*O'Brien, Young & Stone,* for appellant.

*O. H. O'Neill* and *John A. Burns,* for respondent.

BUNN, J.

This matter is before the court on an appeal by the Diocese of St. Paul from the judgment of the district court for Ramsey county confirming an assessment against the real estate comprising "Calvary Cemetery" for the construction of a sewer extending along the side of the property.

Appellant's chief claim is that the property is exempt from assessment under the statutes of this state. It also contends that the finding of the trial court that the sewer in question was or might be a benefit to the property is not sustained by the evidence.

Calvary cemetery was established two years before Minnesota was admitted into the Union. It comprises $97\frac{1}{2}$ acres, is inclosed by a fence, and is laid out and platted into blocks, lots, streets and alleys. The Diocese of St. Paul owns the land and conducts the cemetery, which is, in the number of burials, perhaps the largest in St. Paul. The Diocese is a religious corporation organized under the laws of this state in 1883, and has since owned the property and used it for burial purposes exclusively. The ownership prior to the incorporation of the Diocese does not appear. The cemetery is used for the burial of persons of the Catholic faith, though members of other churches or nonchurch members, who are connected with families who are members of the Catholic church and have lots in the cemetery, are permitted burial there. The Diocese, by an instrument in writing, for a certain consideration, grants to its patrons the exclusive right of burial in the lots, subject to the rules, regulations and restrictions made at the time of the grant or which may thereafter be made for the government of Catholic cemeteries in the Diocese, and it agrees to keep the lots so granted in good order and condition without further charge.

A plat of the property, showing the lots and streets, and upon which the lots and blocks were numbered, was prepared and has been in use by the Diocese for some years. It does not appear that there was any certificate of a surveyor upon or attached to the plat, and it has never been filed or recorded in the office of the register of deeds. Nor does it appear that there is any stone or monument marking the corner of the cemetery.

The learned trial court based its decision that the property was not exempt from assessment upon this failure to file and have recorded a plat of the property, certified as correct by the surveyor making it, and designating a monument which must be placed at one corner of the property, all as provided by the laws governing cemeteries established by a private person or a religious corporation.

These laws are now found in G. S. 1913, § 6316, et seq. Section 6316 provides that "any private person and any religious corporation may establish a cemetery on his or its own lands in the following manner." Then follow the provisions as to a survey and plat, which shall be filed for record with the register of deeds. Section 6317 provides that when such plat has been recorded every donation or grant of lands thereon to the public or to a religious corporation shall be deemed a conveyance of such lands; that every conveyance of such lots shall be exclusively for burial purposes, and the lands designated on the plat as streets, alleys, ways, commons, or other public uses shall be held by the owner of the cemetery in trust for the uses and purposes thereon indicated. Section 6318 provides that any religious corporation, or two or more together, may acquire by gift or purchase the cemetery lands and property of any cemetery association or private cemetery. Section 6323 provides that all lands, not exceeding 100 acres in extent, so laid out and dedicated as a private cemetery, shall be exempt from public taxes and assessments.

1. If this statute applies, and it quite clearly does, the conclusion is unavoidable that the lands comprising Calvary cemetery were never "so laid out and dedicated as a private cemetery," and that there is no exemption from assessments. Prior to 1903, sections 3130 to 3135, G. S. 1894, applied only to the case where "any person desired to establish a cemetery upon any lands owned by himself." By Laws 1903, p. 83, c. 63, the powers and privileges granted by the named sections of the 1894 statutes were granted to religious corporations and the sections made to

read substantially as they appeared in R. L. 1905, § 2690, et seq., and as they appear now in G. S. 1913, § 6316, et seq., above quoted from. It thus appears that until 1903 a religious corporation was not authorized by name to establish a cemetery under this statute.

Appellant concedes that it has not complied with the statute in that it has not filed for record a plat as provided in section 6316. It claims that notwithstanding this, the cemetery has been dedicated as such, is subject to the conditions and restrictions imposed by the statute, and should be entitled to its benefits and exemptions. We regret that we are unable to adopt this view. Section 6323, which creates the exemption, says explicitly that all lands "so laid out and dedicated as a private cemetery" shall be exempt from public taxes and assessments. This must mean "laid out and dedicated" in accordance with the preceding sections. It cannot mean a common law or "de facto" dedication. The legislature has prescribed definitely what is necessary to constitute a dedication of lands as a private cemetery. Among these requirements is the one which requires a plat of the property to be recorded, stating the blocks, lots, streets and the location of the monument to mark one corner of the cemetery. We fail to see how the omission to comply with this requirement can be regarded as unimportant, or overlooked. The legislature had an object in view, and one not difficult to see. It was undoubtedly considered important to have the records show lands that were exempt from taxes, assessments and sale on execution, especially when they did not show by the name of the owner that the lands were devoted to cemetery purposes.

The appellant in this case is not a public cemetery association, so as to come within the provisions of G. S. 1913, § 6268, et seq., and so as to make its "lands and property exempt from all public taxes and assessments."

In State v. City of St. Paul, 36 Minn. 529, 32 N. W. 781, it was held that under G. S. 1878, c. 34, § 259, which is the exemption provision which corresponds to the present provision found in G. S. 1913, § 6286, the lands and property of cemetery associations are exempt from assessments for local improvement. The above section of the 1878 statute construed in that case exempted only "the cemetery lands and property of any association formed pursuant to this title," that is, those of public

cemetery associations.  In City of St. Paul v. Oakland Cemetery Assn. 134 Minn. 441, 159 N. W. 962, the only question involved or decided was that section 6286, G. S. 1913, was constitutional.  Neither case is in point here, save as they indicate the policy of the court to uphold the legislature in exempting burying grounds from assessments, and to construe with some liberality such acts as the legislature may pass with that end in. view.  There can be no doubt, as stated by Mr. Justice Holt in the case last cited, "that public policy, from territorial times to the present day, has always favored the exemption of public burying grounds from taxes and assessments."  But there can also be no doubt that the legislature must create the exemption; it cannot be done by the court.

We do not understand counsel for appellant to claim that Calvary is a public cemetery.  They rather claim that all cemeteries, save those conducted by a governmental agency, are private, and that we have in this state two kinds of private cemeteries:  First, those owned by a cemetery association; and, second, those owned by a private person or religious corporation.  This is true in a sense, and a cemetery operated by a religious corporation may be as much a public one as is a cemetery operated by a cemetery association, except that in the first case burials are in the main restricted to those of the faith of the religious corporation, while in the second case there is no restriction of this kind.  But the point is that the legislature has seen fit to enact one set of laws for cemeteries owned and conducted by associations organized for that purpose, and another set of laws for cemeteries owned and conducted by private persons or religious corporations.  And there can be not doubt that the appellant in this case come under the second set of laws.  It is quite clear that section 6286 does not apply.  This section exempts only the lands and property of "public cemetery associations" existing at the time the act went into force or thereafter organized.  It is hardly claimed that the Diocese of St. Paul can be called a public cemetery association.  It is plainly a religious corporation with many activities other than conducting a cemetery.  Further, there are many provisions of the public cemetery law which appellant has not and could not comply with.  We have already noted that the statutes make a clear distinction between cemetery associations operating a public cemetery, and individuals or religious corpora-

tions that maintain cemeteries, either for profit, or for the burial of those of a particular religious faith. Appellant must be in one class or the other, and there can be no doubt that it is in the second class.

2. Appellant claims exemption from assessments, on the ground that the city could not enforce its lien by sale. If we are correct in holding that appellant does not come within the statutes governing "public" cemeteries, and has not complied with the statutes governing "private" cemeteries, we find no statute exempting the lands composing the cemetery from a sale to satisfy the assessment. It would be unthinkable that land actually in use for burial purposes should or could be sold, but we are not advised that the assessment could not be collected from lands of the cemetery not so in use. It will be time enough to consider this question when it arises if it ever does. In this connection it is proper to note that we see no reason why appellant cannot still comply with the law, and thereafter have its cemetery lands exempt from assessment.

3. It is claimed that the assessment should not stand for the reason that it is conclusive that the property is not benefited by the sewer. The common council determined that it was. No evidence on the question was produced on the trial. We are not able to say that there was a demonstrable mistake of fact or that an erroneous rule of law was applied.

Judgment affirmed.