## STATE v. CRYSTAL LAKE CEMETERY ASSOCIATION.[1]

April 13, 1923.

No. 23,279.

**Cemeteries exempt from general taxes.**

1. Public burying grounds are by section 1, art. 9, of the Constitution exempt from general taxes, although owned and operated by an association for pecuniary profit.

[1]Reported in 193 N. W. 170.

**Exemption from local assessments must be by statute.**

2. But exemption from special assessments for local improvement is not granted by the Constitution and must be found, if at all, in statutory enactments.

**Exemption under Act of 1901 repealed.**

3. Chapter 224, Laws 1901, under which respondent organized as a corporation for pecuniary profit, has been expressly repealed in the revision of 1905 and no provision substituted giving to such a corporation exemption of its burying grounds from special assessments.

**Such exemption may be withdrawn at any time.**

4. Such exemptions are not vested rights but bounties that may be withdrawn by the legislature at any time.

**Such exemption not continued by Revised Laws 1905.**

5. Section 2935, R. L. 1905, did not perpetuate to respondent the exemption found in the repealed statute, chapter 224, Laws 1901.

**Act of 1901 not re-enacted in Revised Laws 1905.**

6. There are no provisions in the revised laws relating to cemeteries and cemetery associations that embody or re-enact chapter 224, Laws 1901, and the law under which respondent organized.

**No exemption from local assessment.**

7. Nor can respondent claim exemption under section 2838, R. L. 1905, found in the part of the revision relating to corporations formed under title 2, chapter 34, G. S. 1894, for no provisions granting exemptions from special assessments are found in that part, nor in the present statute respecting corporations organized for pecuniary profit.

In proceedings to enforce payment of taxes on real estate remaining delinquent on the first Monday in January, 1920, the Crystal Lake Cemetery Association filed its answer in the district court for Hennepin county. The matter was heard by Molyneaux, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, the state appealed. Reversed with directions.

*Floyd B. Olson*, County Attorney, *Frank J. Williams*, Assistant County Attorney, and *R. S. Wiggin*, Assistant City Attorney, for for appellant.

*Brady, Robertson & Bonner*, for respondent.

HOLT, J.

In a proceeding to enforce taxes and assessments for local improvements against land of respondent, platted and dedicated as a cemetery, the court held the property exempt. Judgment was entered accordingly, and the state appeals.

The respondent was incorporated in 1902, under the provision of title 2, chapter 34, Statutes of 1894, its sole business to be the acquisition and holding of lands to be used exclusively for cemeteries, and the procuring and operating of a crematory. The capital stock has since been increased, so that it is now $500,000, of which shares of the par value of $493,000 have been issued, upon which, of late years, have been paid dividends in increasing amounts. Respondent acquired a cemetery in North Minneapolis from another corporation and subsequently purchased adjoining lands so that it now owns, in a compact body, 171 acres, which has been dedicated as a public cemetery by a plat duly filed prior to the imposition of the taxes and assessments here involved. The court found that this land was used exclusively as a public cemetery, and no more was included therein than was reasonably necessary to anticipate the growing need. The taxes and assessments involved are those remaining delinquent on the first Monday in January, 1920. There was no attempt on the part of the taxing authorities to levy taxes on the land where there had been interments, but a portion in the northerly part of the dedicated grounds, not yet opened for burial purposes, was selected for general taxation. The whole tract was assessed for benefits for the laying of watermains and sidewalks. This constitutes the major part of the state's demand.

The Constitution exempts "public burying grounds" from taxation (article 9, § 1). This exemption is not made to depend upon the character of the owner, but upon whether the property is in fact public burying grounds. There is no question but that this property is held as, devoted to, and dedicated for a public burying ground, insofar as lots have been sold to the public and bodies interred therein. And we think the finding that the whole tract is of this character, since it embraces only such area as may be reasonably anticipated to be required to supply the needs of the near

future. The learned trial court was therefore right in holding void the general taxes assessed.

The special assessments for local improvements or benefits rest upon a different basis. The charter gives the city council of Minneapolis the power to assess for sidewalks and watermains the property benefited (chapter 5, § 16, and chapter 9, § 5). Neither section 1, article 9, of the state Constitution, nor section 1970, G. S. 1913, exempts cemeteries therefrom. State v. Board of Education of City of Duluth, 133 Minn. 386, 158 N. W. 635, L. R. A. 1917F, 861, citing Washburn M. O. Asylum v. State, 73 Minn. 343, 76 N. W. 204; State v. Trustees of Macalester College, 87 Minn. 165, 91 N. W. 484. In State v. City of St. Paul, 36 Minn. 529, 32 N. W. 781, the decision was based upon a statutory exemption. So it was also in City of St. Paul v. Oakland Cemetery Assn. 134 Minn. 441, 159 N. W. 962. And in commenting upon certain remarks in the last cited case, relative to the policy of construing provisions exempting public burying grounds from taxes and assessments favorably to the owners thereof, Mr. Justice Bunn, in Diocese of St. Paul v. City of St. Paul, 138 Minn. 67, 163 N. W. 978, says: "But there can also be no doubt that the legislature must create the exemption; it cannot be done by the court."

Respondent claims the exemption under chapter 48, p. 47, Laws 1897, as amended by chapter 224, p. 312, Laws 1901, which were in force when it was incorporated in 1902. But those chapters were expressly repealed by the Revised Laws 1905. And we think no corporation can successfully make the claim that the people or the legislature are powerless to change the Constitution or the statutes in respect to either the general taxation or the special assessments of its property. Wisconsin & M. Ry. Co. v. Powers, 191 U. S. 379, 24 Sup. Ct. 107, 48 L. ed. 229. It is therefore necessary for defendant to look for the exemption in the Revised Laws 1905, or some statute now in force.

Respondent relies on section 2935, R. L. 1905, section 6268, G. S. 1913. But it will be noticed that that section and all that follows relate to "public cemetery associations." It is true, chapter 48, p. 47, Laws 1897, permitted corporations thereafter to be formed under title 2, chapter 34, G. S. 1894, that is, for pecuniary profit, to operate

a cemetery if its articles of incorporation declared that its sole purpose was to procure and hold land to be used exclusively for a private cemetery. The title of the act was: "An act authorizing and conferring perpetual succession upon corporations organized for the purpose of operating private cemeteries and crematories, and providing for a perpetual care and improvement fund." Chapter 224, p. 312, Laws 1901, amended this law so that such a corporation could be formed under said title 2 of chapter 34 if its articles of incorporation declared "its sole business to be the procuring and holding of lands to be used exclusively for cemeteries and the procuring, holding and operating of a crematory," and to such corporation was extended the exemption from taxes and assessments contained in section 3107, G. S. 1894, being the same as section 2946, R. L. 1905, and section 6286, G. S. 1913. Such was the law under which respondent incorporated. But as stated, said chapters 48 and 224 were expressly repealed, and the question is, was the exemption saved to respondent by section 2935, R. L. 1905 (section 6268, G. S. 1913), reading: "All public cemetery associations existing at the time of the taking effect of the Revised Laws shall continue under the forms of organization adopted by them, respectively, and shall retain all the rights and powers then possessed. All cemetery associations hereafter formed and all private cemeteries hereafter established shall be organized and governed solely by the provisions of this chapter applicable thereto."

It is hereby apparent that our present laws do not authorize corporations for pecuniary profit to be formed for the purpose of owning and operating a cemetery. It furthermore appears that both in the general statutes of 1894, as well as now, cemetery owners were classified as public or private, the former being associations organized under the first part of the cemetery statutes to which has always been applicable the section which provides that the proceeds of the sale of lots and of personal property of the corporation shall be applied solely to the payment of debts and maintenance of the cemetery. Hence there is no capital stock and there can be no profits (section 3103, G. S. 1894; section 2941, R. L. 1905; section 6281, G. S. 1913). We therefore conclude that when the legislature

in section 2935 of the Revised Laws referred to public cemetery associations and in section 2946 thereof exempted the lands of such associations from taxes and assessments, it meant only those associations formed or attempted to be formed under title 5 of chapter 34, G. S. 1894. There are provisions under the same title relating to so called private cemeteries. These also may be held for public use. So that cemeteries denominated private as well as those designated as operated by public cemetery associations may be public burying grounds, Wolford v. Crystal Lake Cemetery Assn. 54 Minn. 440, 56 N. W. 56.

No good reason suggests itself for supposing that the legislature intended corporations formed for pecuniary gain to operate cemeteries free from the burdens of special assessments. Such exemption is in the nature of a bounty, going to increase the dividends of the shareholders. Where property is devoted exclusively to public, charitable, educational or religious uses, there is a valid reason for exemption in that the entire income and benefit derived therefrom enures solely to the welfare of the state and its citizens generally, and not for private gain. It may be doubtful whether the legislature has the power to exempt from special assessment property held by a corporation organized for pecuniary profit, even though the public may be granted some use thereof. In the decision in Garden Cemetery Corp. v. Baker, 218 Mass. 339, 105 N. E. 1070, Ann. Cas. 1916B, 75, attention is called to the distinction between cemetery corporations "which although clothed with certain important privileges, belong nevertheless to their legal and beneficial owners, who are at liberty to appropriate or sell them for general purposes" and associations operating cemeteries for neither private nor corporate gain. As to the former special assessments should be paid if the improvement is held to benefit the property.

Even if section 2935, R. L. 1905, could be held to include cemetery associations formed for pecuniary gain, it is difficult to see how the privilege of a statute expressly repealed could be retained. The rights and powers assured to an association by section 2935 could only go to its existence as an association, the ownership of its property, and the management of its affairs conferred by its articles of

incorporation. The bounty it enjoyed by way of exemption from special assessment was a privilege and not a right. Neither chapter 48, p. 47, Laws 1897, nor chapter 224, p. 312, Laws 1901, was reenacted into the laws governing cemetery associations. Respondent cannot select section 2946 (section 6286, G. S. 1913), as applicable to it if it cannot also come in under sections 2936 and 2941 (sections 6276 and 6281) in the code relating to the same subject.

Respondent also asserts that chapter 48, p. 47, Laws 1897, and chapter 224, p. 312, Laws 1901, were transformed into section 2936, R. L. 1905 (section 6276, G. S. 1913). We do not think there is any substance to this contention. That section plainly revamps the law relating to organizations denominated public cemetery associations formed under title 5, chapter 34, G. S. 1894, and to none other.

Another claim, touched on in the brief but not discussed, is that by section 2838, R. L. 1905 (section 6133, G. S. 1913), the exemption granted by chapter 224, p. 312, Laws 1901, was continued to respondent. It reads: "Until otherwise provided by law, all private corporations existing and doing business at the time of the taking effect of the Revised Laws shall continue to exercise and enjoy all powers and privileges possessed by them under their respective articles of incorporation and the laws applicable thereto then in force, and shall remain subject to all the duties and liabilities to which they were then subject." It is true, exemption from special assessment is a privilege. But when the legislature specifically repealed the chapter conferring this exemption, substituting nothing in place thereof in the code relating to private corporations, that is, to corporations organized for pecuniary profit, the court ought not to hold that the exemption still survives. Where the effect of the provisions of section 2838, R. L. 1905, has been considered by this court, the repealed statute under which rights had been conferred was found either substantially or in modified form in the revision and applicable to the corporation as therein classified, Minneapolis & St. P. S. Ry. Co. v. Manitou Forest Synd. 101 Minn. 132, 112 N. W. 13; State v. Duluth Board of Trade, 107 Minn. 506, 121 N. W. 395, 23 L. R. A. (N. S.) 1260; Duluth Terminal Ry. Co. v. City of Duluth, 113 Minn. 459, 130 N. W. 18. There is nothing in the revised laws embodying

the pre-existing laws relating to corporations formed under the provisions of title 2, chapter 34, G. S. 1894, which in any way attempts to exempt such corporations or their property from special assessments. The question here is not the construction of exemption statutes, for these statutes now found in sections 6286 and 6323, G. S. 1913, were not enacted for corporations formed under title 2, chapter 34, G. S. 1894, as was respondent, but the question is whether any statute now extant confers upon respondent the exemption it lost by the express repeal of chapter 224, p. 312, Laws 1901. We are unable to find any.

There are some legal questions presented that need not be determined in view of the conclusions above expressed. The result is that for the general taxes the state should not have judgment, but that for the special assessments the record entitled the state to judgment.

The judgment is reversed, and cause remanded with direction to amend the findings and enter judgment in harmony herewith.