**RES INVESTMENT COMPANY, et al., Petitioners, Appellants,**

v.

**COUNTY OF DAKOTA, Respondent.**

**No. C7–92–1488.**

Court of Appeals of Minnesota.

Dec. 29, 1992.

Review Denied Feb. 25, 1993.

Thomas R. Muck, Fredrikson & Byron, P.A., Minneapolis, for appellants.

James C. Backstrom, Dakota County Atty., Andrea G. White, Asst. County Atty., Hastings, for respondent.

Considered and decided by SHORT, P.J., and PARKER and PETERSON, JJ.

## OPINION

PARKER, Judge.

Appellants sought a writ of mandamus, a writ of certiorari and a declaratory judgment challenging the Dakota County Board of Commissioners' refusal to consider their applications for abatement of property taxes under Minn.Stat. § 375.192, subd. 2

(1990). The Board's refusal was based upon its "policy" to consider abatement applications only for the current tax year. Appellants' applications were for previous years.

The trial court denied appellants relief and determined the Board had implied authority to limit its jurisdiction to consider applications. The trial court also held that appellants were barred by laches from asserting their claims. We reverse.

## FACTS

Appellants are owners of real property in Dakota County. In the spring of 1990, they attempted to market the property. Potential buyers of the property discovered that nearby property not owned by appellants was a contaminated site listed on the Minnesota Pollution Control Agency's (MPCA) Superfund Permanent List of Priorities. The contaminated property had been under testing by the MPCA since September 1986. This fact was unknown to appellants.

Appellants concluded that the contamination affected the value of their property and that a prudent buyer would discover it. Therefore, they filed applications for abatement of property taxes with Dakota County officials in December 1990. The applications disputed assessments made on the property from 1987 through 1989. The Dakota County Assessor informed appellants that, according to the Board's abatement policy adopted on August 28, 1990, only taxes payable in the current tax year would be considered for abatement.

Appellants challenge the policy, claiming the Board does not have express or implied authority under Minn.Stat. § 375.192, subd. 2, to limit its own jurisdiction to consider abatement applications.

## ISSUES

1. Did the Dakota County Board of Commissioners have implied authority under Minn.Stat. § 375.192, subd. 2, to limit its jurisdiction to consider property tax abatement applications to the current tax year?

2. Were appellants barred by laches from asserting their claims?

## DISCUSSION

The trial court concluded, as a matter of law, that the Board had implied authority to adopt a statute of limitations limiting its jurisdiction to consider abatement applications to the current tax year. On appeal, this court need not defer to the trial court's conclusion when reviewing questions of law. *County of Lake v. Courtney*, 451 N.W.2d 338, 340 (Minn.App. 1990), *pet. for rev. denied* (Minn. Apr. 13, 1990).

### I

In cases where a property owner has no legal recourse under Minn.Stat. § 278.01 (1990), yet suffers a hardship because of a property tax assessment, an abatement may be appropriate. Our legislature has provided property owners with the abatement option since 1909. *See* Minn.Stat. § 801 (1909). The purpose of the abatement remedy is to provide aggrieved taxpayers relief where the courts and taxing authorities cannot legally do so. *In re Calhoun Beach Holding Co.*, 205 Minn. 582, 588, 287 N.W. 317, 321 (1939) (quoting *State ex rel. Kasper v. Minnesota Tax Comm'r*, 137 Minn. 37, 40, 162 N.W. 686, 687 (1917)).

Section 375.192 gives county boards broad discretion to grant the reduction or abatement of taxes as the board deems just and equitable. Minn.Stat. § 375.192, subd. 2 (1990). It is apparent the legislature did not impose a statute of limitations on abatement applications. *See Kasper*, 137 Minn. at 37, 162 N.W. at 686. In *Kasper*, our supreme court recognized "[t]here is no limit as to the time or the stage of the proceedings at which such application for abatement or reduction shall be made." *Id.* at 40, 162 N.W. at 687.

The statute does not grant county boards express authority to limit their jurisdiction to consider applications. The Board argues, however, that it has implied authority under the abatement statute to adopt rea-

sonable time limitations. *See Cleveland v. Rice County*, 238 Minn. 180, 181, 56 N.W.2d 641, 642 (1952) (county governments have implied powers which are necessary to the exercise of the express powers granted them by the legislature).

The abatement statute has given the Board authority to apply concepts of equity to the facts of an individual application and decide whether to grant an abatement. Such powers conferred by the legislature are quasi-judicial in nature and cannot be read as a grant of legislative authority. By adopting a "policy" of general applicability and future effect, the Board has essentially performed a legislative action. *See* Minn.Stat. § 14.02, subd. 4 (1990).

■ The legislature could easily have divested the Board of jurisdiction to review applications after a given time period, but chose not to do so. The Board cannot, therefore, limit its jurisdiction through rulemaking. *See Leisure Hills of Grand Rapids Inc. v. Levine*, 366 N.W.2d 302, 304 (Minn.App.1985), *pet. for rev. denied* (Minn. July 11, 1985). The legislature, not the Board, determines the scope of the Board's jurisdiction. *Id.*

■ While the Board has broad discretion whether to grant applications, it does not have the same discretion in regard to consideration of applications. The county assessor is required "to investigate and make recommendations relative to *all* applications for the abatement of taxes." Minn.Stat. § 273.061, subd. 9(g) (1990) (emphasis added). The Board's argument that it "investigated" appellants' applications by simply confirming their late filing date is not persuasive. The Board should have considered appellants' applications on their merits, and mandamus is appropriate. *See Curry v. Young*, 285 Minn. 387, 395, 173 N.W.2d 410, 414–15 (1969) (mandamus may be issued to compel the performance of a duty which the law requires such officer, board, or tribunal to perform); *State ex rel. Prall v. District Court of Waseca County*, 126 Minn. 501, 503, 148 N.W. 463, 463–64 (1914) (mandamus may compel the exercise of jurisdiction when public officers have no discretion to decline jurisdiction).

## II

■ The trial court determined appellants were barred by laches from asserting their claims because the condition they alleged diminished the value of their property was or should have been known to them in 1987. Appellants argue that the trial court erred by ruling on an issue not raised or argued before it, and we agree. Laches is an equitable doctrine that must be raised affirmatively as a defense. Minn.R.Civ.P. 8.03. The Board asserted an "unclean hands" defense, but not laches. The Board argues the laches ruling was appropriate because the trial court relied on the same facts raised in its "unclean hands" argument. However, the two doctrines are clearly separate.

■ The equitable defense of "unclean hands" is premised on withholding judicial assistance from a party guilty of illegal or unconscionable conduct. *Watson Co. v. United States Life Ins. Co.*, 258 N.W.2d 776, 778 (Minn.1977). Laches, on the other hand, is intended to prevent one who has not been diligent in asserting a known right from recovering at the expense of one who has been prejudiced by the delay. *Aronovitch v. Levy*, 238 Minn. 237, 242, 56 N.W.2d 570, 574 (1953). An essential element of laches is that the party asserting it be prejudiced by the delay. *Desnick v. Mast*, 311 Minn. 356, 365, 249 N.W.2d 878, 883–84 (1976). The Board never raised the laches defense, and therefore the trial court erred by ruling on it. *See Berendes v. Commissioner of Pub. Safety*, 382 N.W.2d 888, 891 (Minn.App.1986).

## DECISION

The trial court erred by determining appellants' claims were barred by laches. The Board did not have authority to limit its jurisdiction, and the trial court's order denying appellants relief is reversed. We remand to the Dakota County Board of Commissioners to consider appellants' abatement applications on their merits.

Reversed and remanded.