## STATE v. ROSELAWN CEMETERY ASSOCIATION.

108 N. W. (2d) 305.

March 3, 1961—No. 38,149.

*Lewis L. Anderson,* for appellant.

*William B. Randall,* Ramsey County Attorney, *Gerald E. Rutman,* Assistant County Attorney, and *B. H. Loftsgaarden,* Roseville Village Attorney, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment.

The appellant, Roselawn Cemetery Association, a Minnesota corporation, operates a public cemetery located in the village of Roseville. The village under Minn. St. c. 429 assessed the appellant's property for benefits claimed to have accrued to the property due to the construction and installation of a certain water main. Notice was published, and the assessment was levied under Minn. St. 429.061 on December 20, 1955. The assessment was not paid nor did the appellant make any objections to or appeal from this assessment within 20 days after December 20, 1955, as required by § 429.081.

Thereafter the State of Minnesota by action under § 279.05 sought judgment against the real property of appellant for the installment due in 1956 with interest. The appellant alleged that it was exempt under § 306.14 and Minn. Const. art. 9, § 1. Section 306.14 provides in part:

"The lands and property of any such cemetery association shall be exempt from all public taxes and assessments, and shall not be sold on execution against such association or any lot owner."

In effect the trial court concluded that the appellant was exempt from the assessment by virtue of this statute but that since it had not appealed within 20 days after the assessment was adopted as provided by § 429.081, it "waived any and all objections or defenses it may have had to the assessment." Section 429.081 provides:

"Within 20 days after the adoption of the assessment, any person aggrieved may appeal to the district court by serving a notice upon the mayor or clerk of the municipality. The notice shall be filed with the clerk of the district court within ten days after its service. The municipal clerk shall furnish appellant a certified copy of objections filed in the assessment proceedings, the assessment roll or part complained of, and all papers necessary to present the appeal. The appeal shall be placed upon the calendar of the next general term commencing more than five days after the date of serving the notice and shall be tried as other appeals in such cases. If appellant does not prevail upon the appeal, the costs incurred shall be taxed by the court and

judgment entered therefor. *All objections to the assessment shall be deemed waived unless presented on such appeal."* (Italics supplied.)

While the trial court in its memorandum questioned why, if an exemption is provided for in § 306.14, it should be necessary for an owner of property which is exempt to take an appeal from an assessment which is unauthorized or forbidden by law, it concluded that it was necessary and in effect that § 429.081 had repealed by implication §§ 278.13 and 279.19. Section 278.13 provides in part:

"* * * No defense or objection which might have been interposed by proceedings [to determine the validity of objections or defenses to assessments or taxes] * * * shall be interposed in delinquent tax proceedings except the defense that the taxes levied have been paid *or that the property is exempt from the taxes so levied."* (Italics supplied.)

Section 279.19, with respect to rendition of judgment in delinquent real estate tax proceedings, provides:

"* * * It shall always be a defense, when made to appear by answer and proofs, that the taxes have been paid, or that the property was *not subject to taxation."* (Italics supplied.)

The following issues are presented:

(1) Is appellant exempt from property assessments under Minn. Const. art. 9, § 1, or Minn. St. 306.14?

(2) Does § 429.081 repeal by implication the above-quoted provisions of §§ 278.13 and 279.19?

■ With regard to the first issue, Minn. Const. art. 9, § 1, exempts public cemeteries only "from taxation." It, therefore, becomes a question of determining whether an assessment is properly included within the term "taxation." We do not believe that it is. Exemption from special assessments for local improvements is not granted by the constitution and must be found, if at all, in statutory enactments. State v. Crystal Lake Cemetery Assn. 155 Minn. 187, 193 N. W. 170.

It is, therefore, our opinion that, although appellant is not exempt from the assessment under the provisions of Minn. Const. art. 9, § 1, it is exempt by reason of § 306.14.

■ The question then arises—has appellant lost the exemption because it did not assert its right within 20 days as provided by § 429.081?

The crux of this case, therefore, is the second issue; namely, whether § 429.081 repeals by implication §§ 278.13 and 279.19. Clearly those sections are in conflict with § 429.081 which was subsequently passed. In determining whether there has been an implied repeal by later law, we are guided by § 645.39 which states:

"When a law purports to be a revision of all laws upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former law and is intended as a substitute for such former law, such law shall be construed to repeal all former laws upon the same subject. When a general law purports to establish a uniform and mandatory system covering a class of subjects, such law shall be construed to repeal preexisting local or special laws on the same class of subjects. In all other cases, a later law shall not be construed to repeal an earlier law unless the two laws are irreconcilable."

Chapter 429 is entitled "LOCAL IMPROVEMENTS, SPECIAL ASSESSMENTS" and purports to cover the subject, including assessment, collection, and appeal.

Chapter 278 is entitled "REAL ESTATE TAXES; OBJECTIONS, DEFENSES"; and c. 279 is entitled "DELINQUENT REAL ESTATE TAXES."

The trial court in its memorandum concluded: "In the instant matter, Chapter 429 sets up a complete new law with respect to a municipality and its right to assess for improvements. Included in that new law are procedures for asserting defenses, and unless so asserted they shall be specifically waived."

We do not believe there has been a repeal by implication. The state proceeded under Minn. St. 279.05 in seeking a judgment against the real property of appellant for unpaid taxes. Chapter 429 does not provide a procedure for obtaining a judgment; therefore, we do not believe c. 429 is a revision of all the laws on a particular subject, nor does it establish a uniform and mandatory system relative to this class of subjects.

It is inconceivable to assume that the legislature would intend that the defense of payment of the assessment would be foreclosed if not asserted by the taxpayer within 20 days after the assessment has been adopted. Rather we interpret § 429.081 to mean that all defenses other than payment of the assessment, or that the property was not subject to taxation, are waived if not asserted within the 20 days.

Reversed.