**COUNTRYSIDE VILLAGE,**
**Petitioner, Respondent,**

v.

**CITY OF NORTH BRANCH, Appellant.**

**No. CX–88–1125.**

Court of Appeals of Minnesota.

Oct. 11, 1988.

Review Granted Nov. 16, 1988.

Joseph J. Christensen, Edina, for respondent.

Barry L. Blomquist, North Branch City Atty., North Branch, for appellant.

Thomas L. Grundhoefer, St. Paul, amicus curiae, for League of Minnesota Cities.

Heard, considered and decided by LANSING, P.J., and NIERENGARTEN and IRVINE *, JJ.

## OPINION

LANSING, Judge.

The City of North Branch appeals the trial court's summary judgment invalidating an ad valorem tax for a storm sewer improvement for failure to comply with the notice procedures of Minn.Stat. §§ 429.-031–.081 (1986).

## FACTS

In 1987, to alleviate flooding problems, the North Branch City Council established a storm sewer improvement district and constructed storm sewer facilities pursuant to Minn.Stat. §§ 444.16–.21 (1986). Before levying a tax to recover construction costs, North Branch published notice of a November 25, 1987 public hearing to certify the proposed tax and provided written notice to affected property owners.

Countryside Village owned property within the district and was notified of a proposed tax of $13,413.21. Countryside attended the November 25, 1987 hearing and served North Branch with written objection to the levy. North Branch certified the tax at the hearing. Countryside filed a timely notice of appeal to the trial court.

North Branch moved to dismiss the appeal, arguing that an ad valorem tax may only be appealed according to the procedures in Minn.Stat. ch. 278 (1986). Countryside moved for summary judgment, arguing that Minn.Stat. §§ 444.16–.21 (1986), permitting the establishment of a tax improvement district to finance sewer improvements, requires the city to follow the notice and appeal procedures for special assessments set forth in Minn.Stat. §§ 429.031–.081. Countryside further argued that because North Branch failed to state the general nature of the improvement, failed to state that no appeal could be taken unless the affected property owners properly objected to the tax, and failed to state in its written notice that Country-

side had the right to appeal the tax, North Branch did not have jurisdiction to impose the tax.

The trial court denied North Branch's motion to dismiss the appeal and granted Countryside's motion for summary judgment. The court found that a storm sewer improvement tax levied under Minn.Stat. §§ 444.16–.21 incorporates the notice and appeal procedures outlined in Minn.Stat. §§ 429.031–.081. The court set aside the tax and ordered a "reassessment" under Minn.Stat. § 429.071, subd. 2.

## ISSUE

Is notice to property owners of the right to appeal, as required by Minn.Stat. § 429.061, a jurisdictional prerequisite to levying a tax under Minn.Stat. §§ 444.-16–.21?

## ANALYSIS

Historically, the legislature allowed a city to recover the costs of constructing a storm sewer improvement through special assessments. See Minn.Stat. § 429.021, subd. 1(2) (1986); Minn.Stat. § 444.075 (1986). Prior to imposing the assessment, the city was required to show that the property to be assessed received a special benefit from the improvement. See *Anderson v. City of Bemidji*, 295 N.W.2d 555 (Minn.1980).

Because of the difficulty of proving that each property specially benefited from an improvement, the legislature enacted Minn. Stat. §§ 444.16–.21 (1986). These statutes allow a city to recover the cost of a storm sewer improvement through imposition of an ad valorem tax, which requires a city to show only general benefit or proper public purpose.

█ Under Minn.Stat. §§ 444.16–.21 a city may establish a storm sewer improvement tax district by ordinance. Prior to adopting the ordinance, the city must publish notice and hold a public hearing. After the hearing, the city may construct the improvement and finance construction by

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

levying a tax on property located within the district. When the council of a municipality determines to make an improvement pursuant to chapter 444, "[t]he procedures of sections 429.031 to 429.081 shall apply." Minn.Stat. § 444.18, subd. 2.

Minn.Stat. §§ 429.031–.081 imposes specific notice and appeal procedures on cities levying special assessments for local improvements. This section requires that

Notice shall * * * state that an owner may appeal an assessment to district court pursuant to section 429.081.

Minn.Stat. § 429.061, subd. 1 (1986). Minn. Stat. § 429.081 provides for a property owner's appeal of a tax assessment to the district court.

The trial court held that the specific provisions of section 444.18 control over the general statutory provisions for other ad valorem taxes found in Minn.Stat. ch. 278. In order to give section 444.18 effect, the court stated that North Branch was required to provide Countryside with notice of the right to appeal under section 429.081, and that the failure to give notice deprived the city of jurisdiction to impose the tax.

█ North Branch's arguments to the contrary are not persuasive. We cannot read § 429.081 to apply only to the council and not to create an appeal right in an affected property owner. Neither can we agree that the provisions of chapter 444 conflict with chapter 429 in such a way that only the notice and hearing provisions of section 429 should be given effect. We agree with the trial court's interpretation of the statute. The plain wording of Minn. Stat. § 444.18 requires the application of the notice provisions of § 429.061, subd. 1.

█ Failure to provide proper notice of appeal rights has been held to deprive a city of jurisdiction to impose a special assessment. *Klapmeier v. Town Center of Crow Wing County*, 346 N.W.2d 133 (Minn.1984). In *Klapmeier*, the court held that notice of public hearings must state that a property owner has the right to appeal and must indicate the time in which the appeal must be taken. *Id.* at 136. The

*Klapmeier* court required strict compliance with section 429.061, stating: "Proper notice of assessment proceedings is a jurisdictional prerequisite to any action by the town board." *Id.* (citations omitted).

No case law specifically addresses whether this strict compliance rule applies to ad valorem taxes. Because of the importance of property ownership to individuals and the similarity between the effects of an assessment and the ad valorem tax, we see no significant reason to distinguish between the two for purposes of notice of appeal rights. In fact, a strong reason exists for allowing the notice provisions normally pertaining to special assessments to apply in storm sewer improvement cases because in improvement cases arising under Minn.Stat. §§ 444.16–.21 the city council may finance the improvement by issuing bonds without an election. *See* Op.Atty. Gen. 387–6 (March 10, 1982).

█ We note, however, that the trial court set aside the tax and ordered a "reassessment" pursuant to Minn.Stat. § 429.071, subd. 2. Because the proposed tax was an ad valorem tax rather than a special assessment, the tax should be "relevied" rather than "reassessed." Accordingly, we modify the trial court's order.

### DECISION

The trial court did not err in setting aside a proposed ad valorem tax for a storm sewer improvement because the city failed to include in its written notice to affected property owners notice of the right to appeal the tax.

AFFIRMED AS MODIFIED.

NIERENGARTEN, J., dissents.

NIERENGARTEN, Judge, dissenting.

I dissent because I believe North Branch complied with all relevant procedural requirements of Minn.Stat. §§ 429.031–.081 (1986) as those requirements reasonably pertain to ad valorem taxes levied under Minn.Stat. §§ 444.18, 444.20 (1986). Countryside asserts North Branch did not notify Countryside of its right to appeal to the district court under section 429.081. I be-

lieve the notice given was sufficient and that notice of appeal under section 429.081 was unnecessary under the circumstances.

The legislature authorized local governments to establish special storm sewer improvement tax districts and to recover the costs of those systems by levying ad valorem taxes on property within the districts. *See* Minn.Stat. §§ 444.17–.18, 444.20 (1986). The legislation clearly contemplates taxation rather than special assessment because creation of special tax districts is superfluous if cost recovery is accomplished by assessment. Notwithstanding that obvious fact, local governments which choose to recover improvement costs by levying ad valorem taxes apparently still must conform to the procedural requirements of sections 429.031 to 429.081, even though those sections apply specifically to special assessments. *See id.* § 444.18, subd. 2. Under the circumstances, I do not believe the legislature reasonably intended local governments to apprise property owners of their right to appeal under section 429.081, if the property is not being specially assessed and the local government recovers the costs of the improvements by levying an ad valorem tax. *See id.* § 444.18, subd. 2. Even if a city council issues obligations without an election for the purpose of financing improvements, property owners still are adequately advised of the council's action and potential levies against their property by the applicable notice provisions of sections 444.17 and 429.031, subdivision 1.

Special assessments and ad valorem taxation are fundamentally different methods for meeting the cost of public improvements; they serve different purposes and are used under different circumstances. *See State v. Roselawn Cemetery Association*, 259 Minn. 479, 481, 108 N.W.2d 305, 307 (1961) (the term "taxation" does not include an assessment); *see also* 15 Op. Att'y Gen. 4, 4 (1982). Ad valorem taxation and special assessments also are challenged under separate procedures. *See, e.g.*, Minn.Stat. §§ 429.081, 278.01–.05 (1986). The right of appeal established in chapter 429 was designed for the purposes of challenging special assessments and applies only to persons aggrieved by "assess-ments." *See id.* § 429.081 ("This section provides the exclusive method of appeal from a special assessment levied pursuant to this chapter."). Accordingly, unless storm sewer improvement costs are recovered via special assessments, notification of appeal rights under section 429.081 is unnecessary. *See id.* § 444.075, subd. 2 ("When special assessments are pledged for the payment of the obligations, they shall be authorized and issued in accordance with the provisions of chapter 429").

I also do not believe section 429.081 applies when costs of storm sewer improvements are recovered by ad valorem taxes because application of section 429.081 to ad valorem tax situations conflicts with section 278.01 which establishes a different and more appropriate method for challenging ad valorem taxes levied against property. Consequently, I would conclude notification of a property owner's right to appeal under section 429.081 is useless and therefore unnecessary under these circumstances. Since North Branch chose to recover costs by levying an ad valorem tax and complied with the relevant procedural requirements of sections 429.031 to 429.081, I would reverse the district court.

In 1984 this court invited the legislature to examine section 429.081 and suggested the legislature clarify the notice requirements contained in subdivision 1. *See Peterson v. City of Inver Grove Heights*, 345 N.W.2d 274, 277 (Minn.Ct.App.1984). To its credit, the legislature responded to our suggestion and specified the contents of the required notice. *See* 1986 Minn. Laws ch. 473, § 10. I believe section 444.18, subdivision 2 should be clarified in light of the fact that local governments may recover costs of storm sewer improvements either by special assessment or by ad valorem tax levies. I would invite the legislature to re-examine section 444.18 and clarify its intent with respect to the procedures required when improvement costs are recovered by ad valorem taxation rather than by special assessment.